**Charles David CONNOLLY, Appellant,**

v.

**The STATE of Texas.**

No. 1637–97.

Court of Criminal Appeals of Texas, En Banc.

Jan. 13, 1999.

James H. Kreimeyer, Belton, for appellant.

James T. Russell, Assist. DA, Belton, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

MANSFIELD, J., delivered the opinion of the Court, in which McCormick, P.J., and Keller, Womack, and Keasler, JJ., joined.

Article 42.12, § 5(b), of the Texas Code of Criminal Procedure provides:

> On violation of a condition of [deferred adjudication] community supervision [*i.e.,* probation] imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. . . .

The question presented in this case is whether a defendant whose deferred adjudication community supervision was revoked after his supervisory term had expired, may appeal from the trial court's finding of due diligence on the part of the State in apprehending him and having the revocation hearing.

### The Relevant Facts

On October 3, 1990, a Bell County grand jury returned an indictment in the 264th District Court charging appellant, Charles David Connolly, with felony theft. See Tex. Penal Code § 31.03(a). On November 8, 1990, appellant pled guilty to the charged offense pursuant to a plea bargain, and the District Court found that the evidence substantiated appellant's guilt. The court then deferred further proceedings without entering a finding of guilt and placed appellant on community supervision for five years. See Tex.Code Crim. Proc. art. 42.12, § 5(a).

On March 16, 1995, the State filed a motion to revoke appellant's community supervision and proceed to judgment, alleging that appellant had violated several of the conditions of his community supervision. At the State's request, the District Court issued a capias that same day. On November 1, 1995, the State filed an amended motion to revoke and proceed to judgment, and the District Court, at the State's request, issued a second capias. On March 19, 1996, more than four months after the expiration of appellant's supervisory term, a Bell County deputy sheriff executed the capias.

On February 6, 1997, the District Court held a hearing on the State's amended motion to revoke and proceed to judgment. At the start of the hearing, appellant, relying upon *Langston v. State*, 800 S.W.2d 553 (Tex. Crim.App.1990), moved to dismiss the State's amended motion, arguing that the State had failed to use due diligence to apprehend him and have the revocation hearing.[1] The State disputed appellant's claim and offered the testimony of a Bell County probation officer in an attempt to prove both due diligence and appellant's violations of the conditions of his community supervision. At the conclusion of the hearing, the District Court took the matters under advisement.

On February 19, 1997, the District Court denied appellant's motion and granted the State's amended motion. The court found that appellant had violated the conditions of his community supervision as the State had alleged. The court then adjudged appellant guilty of the offense originally charged and sentenced him to imprisonment for two years.

On appeal to the Third Court of Appeals, appellant presented three points of error. In two of those points, he argued that the record contained insufficient evidence to support the District Court's finding of due diligence on the part of the State. The State responded with the argument that, under Article 42.12, § 5(b), appellant could not appeal from the District Court's finding of due diligence.

The Third Court of Appeals, relying upon *Prior v. State*, 795 S.W.2d 179 (Tex.Crim. App.1990), and *Langston v. State, supra,* sustained appellant's two points of error concerning sufficiency of the evidence to prove due diligence and did not reach his remaining point of error. *Connolly v. State,* 955 S.W.2d 411, 414 (Tex.App.—Austin 1997). The Court of Appeals rejected the State's argument thusly:

> Article 42.12, section 5(b) states that no appeal may be taken from the trial court's determination to proceed to adjudication. The State believes that this statutory limitation on the right to appeal from the adjudication decision bars our consideration of appellant's contention that due diligence was not shown in this cause. The court of criminal appeals, however, clearly did consider the due diligence issue in *Prior* and *Langston,* and in the latter

---

1. In *Prior v. State,* 795 S.W.2d 179, 184 (Tex. Crim.App.1990), we held that "a trial court has jurisdiction to revoke deferred adjudication probation imposed pursuant to Article 42.12, § 3d [now, § 5(b)], after the probationary term has expired, as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion." We reaffirmed that holding in *Langston v. State,* 800 S.W.2d 553, 554 (Tex.Crim.App.1990).

case reversed the conviction after concluding that due diligence was not shown. While the court did not explain in either opinion why consideration of the due diligence issue was not foreclosed by the statutory prohibition on appeal, the court's past actions are plainly inconsistent with the State's contention that the due diligence question is not appealable in a deferred adjudication case. As an intermediate appellate court, we are bound to follow the example of the court of criminal appeals.

Appellate review of the due diligence question is not necessarily inconsistent with the language of section 5(b). The "determination" from which no appeal may be taken is the determination to revoke probation and adjudicate guilt on the ground or grounds alleged in the State's motion. If the adjudication hearing is held after the probationary term has expired and if the defendant raises the due diligence issue, the trial court must decide the question before addressing the merits of the State's motion to revoke and adjudicate. If due diligence is not shown, the trial court should dismiss the State's motion without reaching the merits.

*Id.* at 415.

We granted the State's petition for discretionary review to determine whether the Court of Appeals had erred in rejecting the State's argument. See Tex.R.App. Proc. 66.3(d).

### Analysis

We must determine whether Article 42.12, § 5(b), prohibited appellant from appealing from the District Court's finding of due diligence. In our interpretation of Article 42.12, § 5(b), we are guided by several precedents.[2]

In *Williams v. State,* 592 S.W.2d 931 (Tex. Crim.App.1979), the trial court revoked Roger Williams' deferred adjudication probation and adjudicated him guilty of the original charge after finding that he had violated one of the conditions of his probation. On direct appeal to this Court, Williams argued that

the trial court had abused its discretion in revoking his probation because the evidence adduced at the revocation hearing had been insufficient to prove the allegations in the State's motion to revoke. We held, however, that Williams' claim was not properly before us, because, under Article 42.12, § 3d (now, § 5(b)), "the trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and [is] not reviewable." *Id.* at 932–933.

In *Wright v. State,* 592 S.W.2d 604, 606 (Tex.Crim.App.1980), given facts and argument essentially identical to those in *Williams v. State, supra,* we held again that, "under the terms of the ... statute, no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge." Accord: *Daniels v. State,* 615 S.W.2d 771 (Tex.Crim.App.1981).

In *Phynes v. State,* 828 S.W.2d 1 (Tex. Crim.App.1992), the trial court revoked David Phynes' deferred adjudication probation and adjudicated him guilty of the original charge, because, according to the trial court, Phynes had violated the conditions of his probation. On direct appeal, Phynes argued that the trial court had erred in proceeding with the revocation hearing because his attorney had not been present. The Second Court of Appeals held that, under Article 42.12, § 5(b), Phynes could not appeal from the trial court's decision to adjudicate. We agreed with the reasoning of the Court of Appeals, holding that, even if Phynes' right to counsel had been violated, he could not use direct appeal as the vehicle with which to seek redress. *Id.* at 2.

Finally, in *Olowosuko v. State,* 826 S.W.2d 940 (Tex.Crim.App.1992), the trial court revoked Dantes Olowosuko's deferred adjudication probation and adjudicated him guilty of the original charge after finding that he had violated three conditions of his probation. On direct appeal, Olowosuko argued that some of the probation conditions had been vague and unenforceable, and that some of the allegations in the State's motion to revoke had failed to state a violation. The

---

**2.** Adherence to sound precedent is, of course, a cornerstone of our criminal justice system. See

*Proctor and Lemell v. State,* 967 S.W.2d 840, 844–845 (Tex.Crim.App.1998).

Fifth Court of Appeals dismissed all of appellant's points of error under the authority of Article 42.12, § 5(b). We upheld the decision of the Court of Appeals, explaining that we had "held from the beginning of deferred adjudication practice that the Legislature [had] meant what it said in Article 42.12, § 5(b)." *Id.* at 942.

In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12, § 5(b), an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process. See G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 43.117 (1995). Moreover, since the Legislature has not overturned our interpretation of the statute after all these years, we are confident that our interpretation is correct. See *State v. Hall,* 829 S.W.2d 184, 187 (Tex.Crim.App. 1992) (prolonged legislative silence following judicial interpretation of statute implies approval of interpretation).

We explained in *Harris v. State,* 843 S.W.2d 34, 35–36, n. 1 (Tex.Crim.App.1992), that the due diligence issue "is really in the nature of a plea in bar or defense" which must be raised by the defendant at the revocation hearing. Thus, in this case, the District Court's decision on the due diligence issue was merely a part of its decision to revoke and proceed to judgment, and no appeal lies from that decision.

It is true that in *Prior v. State, supra,* and *Langston v. State, supra,* we considered the due diligence issue raised by the appellants in those cases, and in the latter case we actually reversed the appellant's conviction after concluding that due diligence had not been proven. In both of those cases, however, we operated under the notion that due diligence was a jurisdictional matter and could be raised on appeal despite Article 42.12, § 5(b). See *Prior v. State, supra,* at 184; *Langston v. State, supra,* at 554. We repudiated that notion explicitly in *Harris v. State, supra,* at 35–36, n. 1.

In summary, Article 42.12, § 5(b), prohibited appellant from raising a claim of error (insufficiency of the evidence to prove due diligence) in the adjudication of guilt process. The Court of Appeals should have dismissed appellant's points of error dealing with due diligence without reaching their merits.

We reverse the judgment of the Court of Appeals and remand the case to that court so that it may address appellant's remaining point of error.

KELLER, J., also filed a concurring opinion, in which McCORMICK, P.J., and WOMACK, J., joined.

MEYERS, J., filed a dissenting opinion, in which PRICE, HOLLAND, and JOHNSON, JJ., joined.

KELLER, J., filed a concurring opinion in which McCORMICK, P.J. and WOMACK, J., joined.

I join the majority opinion's holding that the Court of Appeals did not have jurisdiction to evaluate appellant's due diligence claim. However, I do not, by joining this opinion, express any support for the legitimacy of the so-called "due diligence" defense. This "defense" appears to have been created out of thin air in *Stover v. State,* 365 S.W.2d 808 (Tex.Crim.App.1963), which was then relied upon without question in subsequent cases. See *Stover,* 365 S.W.2d at 809; *Prior v. State,* 795 S.W.2d 179, 183 (Tex.Crim.App.1990)(quoting *Stover); Langston v. State,* 800 S.W.2d 553, 554 (quoting *Prior* quoting *Stover* ); *Rodriguez v. State,* 804 S.W.2d 516, 517–518 (Tex.Crim.App.1991)(citing *Prior, Stover,* and *Langston* ); *Harris v. State,* 843 S.W.2d 34, 35 (Tex.Crim.App.1992)(citing *Langston, Prior,* and *Rodriguez* ). Whether the law imposes upon the State the duty to exercise diligence in apprehending a probationer is a question worth reconsidering in an appropriate case.

MEYERS, J., delivered a dissenting opinion in which PRICE, HOLLAND, and JOHNSON, JJ., joined.

Today a majority of this Court expands the language of Article 42.12 § 5(b) of the Texas Code of Criminal Procedure beyond its plain meaning. In addition, the majority overrules

precedent regarding the State's burden to show due diligence in attempting to apprehend a defendant after the capias issues and prior to the arrest, and reallocates that burden to the defendant. I dissent.

## I.

A brief review of the salient facts:

Prior to the February 19, 1997 hearing on the State's motion to adjudicate guilt, Appellant filed a motion to dismiss. Appellant alleged his term of deferred adjudication ended well prior to his arrest and the State failed to use due diligence in executing the capias. The State established it sent Appellant a letter on May 2, 1995, informing him that he was not complying with his deferred adjudication community supervision requirements, but did not try to arrest Appellant pursuant to the capias prior to March 19, 1996. There is no evidence that the State had difficulty in locating Appellant. The trial court denied Appellant's motion to dismiss, stating on the record that it would "assume" the State had pursued the capias,[1] and that it was "giving [Appellant] a record on appeal because if my presumption is false, well, then, people upstairs can point it out."

On direct appeal, Appellant presented two points of error pertaining to his motion to dismiss.[2] Relying on this Court's decisions in *Langston v. State*, 800 S.W.2d 553 (Tex. Crim.App.1990) and *Prior v. State*, 795 S.W.2d 179 (Tex.Crim.App.1990), the court of appeals reversed the district court's adjudication of guilt, holding Appellant properly preserved error and the State failed to meet its burden of showing due diligence by a preponderance of the evidence. In its motion for rehearing, the State argued that Appellant could not appeal the issue of the State's due diligence because due diligence is a non-jurisdictional issue related to the trial court's

determination to adjudicate guilt, and Article 42.12 § 5(b) provides that there is no appeal from that determination. The Third Court of Appeals overruled the State's motion, explaining:

> Appellate review of the due diligence question is not necessarily inconsistent with the language of section 5(b). The "determination" from which no appeal may be taken is the determination to revoke probation and adjudicate guilt on the ground or grounds alleged in the State's motion. If the adjudication hearing is held after the probationary term has expired and if the defendant raises the due diligence issue, the trial court must decide the question before addressing the merits of the State's motion to revoke and adjudicate. If due diligence is not shown, the trial court should dismiss the State's motion without reaching the merits.

*Connolly v. State*, 955 S.W.2d 411 (Tex. App.—Austin 1997). The State now raises the same argument before this Court.

Essentially there are two questions before us: (1) did the court of appeals correctly determine that Article 42.12 § 5(b) permits Appellant's appeal? If so, then (2) did the court of appeals apply the correct law in determining that Appellant is entitled to relief?

## II.

The majority concludes the court of appeals erred in holding appellant's appeal was permitted by Article 42.12 § 5(b). I disagree. Article 42.12 § 5(b) provides, in relevant part:

> he [did] what he was told to do because for me to assume otherwise would be to assume the Sheriff didn't do his job, and there is no evidence that he didn't do it. I am going to assume that he did his job.
> (Emphasis added.)

---

1. Specifically, the trial judge stated:

   It is my feeling that the—*That I can indulge in an assumption*, and that is the District Attorney has proven that he sent a capias to the Sheriff's office, and he has proven that the capias said if no arrest is made at the address listed, please put this in TCIC; and, so I am going to assume that the Sheriff attempted to execute the capias. *There is no evidence that he did or he didn't, but I am going to assume that he did* [.] ... I am going to assume that he did.... So I am going to assume that he went out and attempted to arrest him and the he was unable to arrest him.... I am going to assume that

2. Appellant asserted the trial court erred by (1) denying his motion to dismiss, because the State failed to present sufficient evidence of due diligence, and (2) assuming the State had shown due diligence when the record did not support that assumption.

*On violation of a condition* of community supervision *imposed under Subsection (a) of this section* [deferred adjudication community supervision] *the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.*

The court of appeals reasoned that appellate review of the due diligence issue is not inconsistent with section 5(b), because "this determination" from which no appeal may be taken is "the determination by the court of whether it proceeds with an adjudication of guilt" on the grounds alleged in the State's motion to revoke deferred adjudication.[3]

In support of reversal, the majority relies on *Williams v. State,* 592 S.W.2d 931 (Tex. Crim.App.1979), *Wright v. State,* 592 S.W.2d 604 (Tex.Crim.App.1980), *Olowosuko v. State,* 826 S.W.2d 940 (Tex.Crim.App.1992), and *Phynes v. State,* 828 S.W.2d 1 (Tex.Crim. App.1992).[4] *Williams, Wright,* and *Olowosuko* all present a direct challenge to the trial court's *determination to adjudicate,*[5] and thus do not present the same sort of challenge that Appellant raises. This leaves *Phynes* as the only authority for the majority's opinion.

In *Phynes, supra,* the appellant was placed on deferred adjudication community supervision. At the hearing on the State's motion to revoke, the appellant was not represented by counsel. On appeal, the appellant argued it was error for the trial court to proceed with the hearing when his attorney was not present because it violated his constitutional right to counsel. We held that the appellant's claim was barred by Article 42.12 § 5(b):

Article 42.12., V.A.C.C.P. [sic] controls questions concerning adult probation and applications to revoke probation. Art.

---

**3.** The italicized language in the present Article 42.12 5(b) is identical to the language in the bill as originally signed into law. This language was originally Article 42.12, Section 3d(b). *See* 64th legislature, regular session, chapter 231 Senate Bill number 382, approved May 20, 1975. Thus there is no statutory justification for upholding the State's argument for a departure from our past case law interpreting this provision.

**4.** The majority opinion, to summarize this precedent, states: "In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b), an appellant whose deferred adjudiction probation has been revoked and who has been adjudicated guilty of the original charge, *may not raise on appeal contentions of error in the adjudication of guilt process.*" Majority op. at 741 (emphasis added). To support that contention the majority cites Section 43.117 of *Texas Practice* by Professors Dix and Dawson. This is problematic, as Dix and Dawson's discussion of that particular proposition makes no mention of *Williams, Wright,* or *Olowosuko:*

Nor can an appellant raise contentions of procedural error in the adjudication of guilt process. In *Phynes v. State,* the Court of Criminal Appeals held that an appellant could not assert on appeal that the trial judge improperly proceeded in the absence of defense counsel with the hearing on whether to proceed to adjudicate guilt and thus denied the appellant effective assistance of counsel.

43 GEORGE E. DIX AND ROBERT O. DAWSON, TEXAS PRACTICE § 43.117 (1995 & supp.1998).

**5.** In *Williams, supra,* the appellant's sole ground for review alleged that the evidence was insufficient to support the State's motion: "the trial court abused its discretion in adjudicating guilt and revoking probation because the evidence adduced at the hearing was patently insufficient to support the allegations of the State's Motion to Adjudicate Guilt and Revoke Probation." *Williams,* 592 S.W.2d at 932. We dismissed the appellant's claim because he was challenging the decision to adjudicate, that is "this determination" from which "no appeal may be taken" according to 42.12 § 5(b).

Likewise in *Wright, supra,* the appellant challenged the sufficiency of the evidence to support the State's motion to revoke probation and adjudicate guilt. We held the appellant's contention unreviewable in light of *Williams.*

Again in *Olowosuko, supra,* the appellant's sole ground for review argued "the court of appeals erred in ... holding that [appellant] could not challenge the trial court's determination to *proceed with an adjudication of guilt.*" *Olowosuko,* 826 S.W.2d at 941 (emphasis in original). We reiterated that "the court of appeals correctly noted that 'all of appellant's points of error challenge the trial court's *determination to proceed with an adjudication of guilt.*' " *Id.* (emphasis in original). Relying on *Williams* and *Wright,* we said "the Court has held from the beginning of deferred adjudication practice that the Legislature meant what it said in Article 42.12 § 5(b): 'No appeal may be taken from this determination [to proceed with an adjudication of guilt].'" *Id.* at 942 (bracketed material in original).

42.12 § 5(b) specifically provides that there shall be no appeal taken from the trial court's determination to adjudicate. It has long since been recognized that the United States Constitution does not require a state to provide appellate courts of a right to appellate review of criminal convictions. It is clear, therefore, that a state may limit or even deny the right to appeal a criminal conviction. Similarly, as there is nothing in the Texas Constitution which guarantees the right to appeal a criminal conviction, that right is only as provided by the legislature. It naturally follows that when a legislative enactment says an accused may not appeal a determination to adjudicate, there is no right to do so. Therefore, even if appellant's right to counsel was violated, he may not use direct appeal as the vehicle which to seek redress.

*Phynes,* 828 S.W.2d at 2. The *Phynes* opinion contains no other legal analysis, no citations to case law from this Court (or any other court), and no explanation of why the statutory language forbidding appeals from the determination to proceed with adjudication is relevant to the appellant's challenge to a defect in the hearing itself.

The *Phynes* opinion is an aberration. This Court has repeatedly affirmed the principle that in construing a statute, an appellate court must apply the plain meaning of its words unless the language of the statute is ambiguous or would lead to absurd results. *See, e.g., Boykin v. State,* 818 S.W.2d 782, 785–86 & 786 n. 4 (Tex.Crim.App.1991). The plain meaning of the language in Article 42.12 § 5(b) does not support the holding.

**6.** We are therefore not permitted to examine extratextual sources to ascertain the meaning of the statute.

**7.** The court also cited *Stover v. State,* 365 S.W.2d 808 (Tex.Crim.App.1963) and *Shahan v. State,* 792 S.W.2d at 101 (Tex.Crim.App.1990). In *Stover,* a community supervision case not involving deferred adjudication, we rejected the appellant's contention that the arrest warrant must issue, *and the arrest must be made* prior to the expiration of the community supervision term. We said:

The mere fact that a motion has been filed during the probation term alleging a violation of the conditions of probation will not authorise revocation after such term has expired. Only the court's action authorizing the arrest

Article 42.12 § 5(b) forbids an appeal from "this determination," which is "the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." The plain meaning of the statutory language is not ambiguous.[6]

In *Phynes,* the appellant did not challenge that determination, but rather a defect in the process by which that determination was reached. The plain meaning of Article 42.12 § 5(b) does not forbid such a challenge. *Phynes* should be overruled. As an aberration with no supporting authority or reasoning, it is incredibly weak support on which to rely.

### III.

Because it incorrectly concludes that Article 42.12 § 5(b) prohibits this appeal, the majority does not reach the merits of Appellant's contentions. As I conclude that this appeal is not barred, I will further examine the court of appeals' opinion to see that the court impartially applied the pertinent legal principles and fairly considered the evidence in the record. *Arcila v. State,* 834 S.W.2d 357 (Tex.Crim.App.1992). If the court of appeals applied the law, considered the relevant facts, and reached a conclusion supported by the evidence, this Court should affirm the court of appeals' judgment. *Id.*

The court of appeals based its conclusions regarding due diligence primarily on *Prior v. State,* 795 S.W.2d 179 (Tex.Crim.App.1990) and *Langston v. State,* 800 S.W.2d 553 (Tex. Crim.App.1990).[7]

of the probationer, followed by diligent effort to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended.

*Stover,* 365 S.W.2d at 809. Presumably this language, which promotes fair play, was meant to warn the State that it could not obtain an arrest warrant and then proceed to arrest the defendant after the expiration of the community supervision term without showing that it had actually made an effort to execute the warrant.

In *Shahan* we affirmed *Stover's* holding that the trial court has authority to revoke community supervision where the defendant is arrested subsequent to the expiration of the community supervision. *Shahan* also affirmed the principle that the defendant has the burden to raise the due diligence issue, or it is waived.

In *Prior, supra,* we held that a trial court may revoke deferred adjudication after the probationary term has expired if three conditions are met: (1) the motion to revoke probation is filed before the probationary term expires, (2) the capias issues before the probationary term expires, and (3) the State has used due diligence in trying to apprehend the probationer. Contrary to the majority's assertion, we expressly did not reach the issue of due diligence because the appellant did not preserve the issue in the trial court. *See Prior,* 795 S.W.2d at 185 ("In the present case, the record shows that defense counsel never raised a complaint at trial that the State had failed to show a lack of diligence [sic] in apprehending appellant after the arrest warrant had issued. Therefore, *we find that appellant has failed to preserve such a complaint for review on appeal, and we will not address the contentions in his second ground for review* [.]") (emphasis added). *Compare* op. at 740–741. Instead, we held that a defendant must raise due diligence at or before the revocation hearing in order to preserve error for appeal. *Id.* 795 S.W.2d at 185.

Since *Prior,* we have consistently reaffirmed the rule that the State has the burden to prove its due diligence in apprehending the probationer once the probationer raises the issue. In *Langston, supra,* for example, we reversed the court of appeals, stating that the trial court should have granted the appellant's motion to dismiss because the State had failed to meet its burden.[8] Contrary to the majority opinion's assertion, this decision had nothing to do with "the notion that due diligence was a jurisdictional matter."[9] While the appellant did challenge the trial court's jurisdiction, this Court overruled that ground for review. *Langston,* 800 S.W.2d at 554 ("We also granted appellant's petition to review the Court of Appeals' holding that there was sufficient diligence on the State's part in pursuing the motion to revoke probation such that the State was not barred from obtaining the revocation of appellant's deferred adjudication probation.... We overrule appellant's first ground for review [concerning "whether the Court of Appeals correctly concluded that the trial court had jurisdiction"] and turn to his second ground concerning due diligence.")[10]

It is now settled law that the State's due diligence is not a jurisdictional prerequisite for the trial court. In *Harris v. State,* 843 S.W.2d 34 (Tex.Crim.App.1992),[11] we clarified the language in *Prior* and *Langston,* noting that lack of due diligence does not deprive the trial court of jurisdiction to determine whether to adjudicate:

A trial court preserves its jurisdiction to revoke probation after the probationary period expires if a motion to revoke was filed before the probationary period expired and a capias issued before the period expired. After satisfying these two requisites and apprehending the probationer, the State is entitled to a hearing on its motion to revoke probation. The burden is on the State to show due diligence in apprehending the probationer and hearing the allegations in the motion once the issue is raised by the probationer.

---

8. This is the same complaint Appellant raises in the present case—that the trial court erred in denying his motion to dismiss based on the State's failure to show due diligence.

9. I note, however, that at the time *Langston* was delivered, some courts were construing the language in *Prior* to make due diligence a jurisdictional prerequisite.

10. Based on the same justification, we reversed the court of appeals in *Rodriguez v. State,* 804 S.W.2d 516 (Tex.Crim.App.1991) (per curiam). While *Rodriguez* is not a deferred adjudication probation case, the due diligence precedents on which it relies are deferred adjudication probation cases.

11. While *Harris* itself is not a case involving deferred adjudication probation, the due diligence precedents on which it relies are deferred adjudication probation cases. Additionally, the procedure followed after an allegation that a probationer has violated the terms of community supervision is identical for both deferred adjudication and non-deferred adjudication cases. *See* Tex.Code Crim. Proc. Art. 42.12 § 21 (violation of community supervision: detention and hearing), and Art. 42.12 § 5(b) ("On violation of a condition of community supervision imposed under subsection (a) of this section, the defendant may be arrested and detained as provided in section 21 of this article.")

*Harris,* 843 S.W.2d at 35 (citations omitted). After the State has proffered evidence of due diligence, the burden shifts to the appellant to rebut that evidence and show lack of due diligence.

Recognizing that language in *Prior* and *Langston* had been construed to make due diligence a jurisdictional prerequisite, we further explained that a trial court has jurisdiction to revoke probation so long as the State's motion to revoke was filed and the capias issued prior to the expiration of the probationary period. *Harris,* 843 S.W.2d at 35 n. 1 ("Any language to the contrary in prior decisions of this court is overruled.")

### IV.

After identifying the applicable law, the court of appeals examined the factual basis for the trial court's ruling. The court of appeals first compared the facts in the instant case to those in *Langston:*

> Like the probationer in *Langston,* Connolly properly raised the issue of due diligence at his revocation hearing. As in *Langston,* the State has offered no explanation for the delay, and there is no evidence that the defendant was hiding after expiration of the term. *Langston* involved a lapse of seven and a half months; Connolly was arrested approximately four and a half months after his supervisory term had expired. Nonetheless, no precedent suggests that a shorter lapse shifts the burden of proof: Once the term has expired and the defendant properly raises the issue, the State bears the burden to establish due diligence.

*Connolly v. State,* 955 S.W.2d 411, 414 (Tex. App.—Austin 1997). The court of appeals then proceeded to analyze the evidence in the record:

> In this case, the only evidence of due diligence the State presented was testimony by Community Supervision Officer Smith about a letter that Bell County tried to send Connolly on May 25, 1995. Furthermore, without any evidentiary support, the district court concluded that the Bell County sheriff must have tried to arrest Connolly before March 19, 1997, because it was the sheriff's duty to do so. In fact, in

ruling against the defendant, the court explicitly recognized that it was basing its holding in part on an "assumption" that the Bell County sheriff had attempted to apprehend Connolly. In effect, the district court's assumption shifted the burden to Connolly to show lack of due diligence. *See, e.g., Prior,* 795 S.W.2d at 184; *Shahan,* 792 S.W.2d at 102–03; *Langston,* 800 S.W.2d at 554; *Stover,* 365 S.W.2d at 809.

*Id.* The court of appeals concluded the State failed to show due diligence by a preponderance of the evidence. The court of appeals applied the proper law, considered the record, and reached a conclusion based on the evidence. I would affirm. *Arcila, supra.*

### V.

The court of appeals was correct to hold that the "determination" from which no appeal may be taken is the determination to revoke probation and adjudicate guilt on the ground or grounds alleged in the State's motion. In its opinion on the merits, the court followed the law, considered the evidence in the record, and reached a conclusion supported by the evidence. This Court should affirm the judgment of the Court of Appeals.

I dissent.