TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON REMAND








NO. 03-97-00182-CR







Charles David Connolly, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 39,512, HONORABLE JOE CARROLL, JUDGE PRESIDING







The district court found that Charles David Connolly violated the terms of his
deferred adjudication community supervision, adjudged him guilty of theft, and sentenced him to
imprisonment for two years. On original submission, this Court sustained Connolly's first two
points of error and reversed the adjudication of guilt because the State failed to present sufficient
evidence of due diligence in apprehending Connolly after expiration of his supervisory term. 
Connolly v. State, 955 S.W.2d 411, 414 (Tex. App.--Austin 1997). The court of criminal appeals
reversed our judgment on the State's petition for discretionary review. Connolly v. State, No.
1637-97 (Tex. Crim. App. Jan. 13, 1999). The court disavowed its earlier opinions on which we
had relied and concluded that the due diligence points should have been dismissed without reaching
their merits. Id., slip op. at 7. The appeal was remanded to us to address the third and final point
of error. Id.

In his third point of error, Connolly contends the district court sentenced him
without a finding of guilt. At the conclusion of the revocation and adjudication hearing, the court
announced its finding that Connolly violated the conditions of his supervision, revoked
supervision, and assessed punishment. The court did not orally state that it found Connolly guilty. 
The written judgment of conviction states, however, "It is therefore Considered, Ordered,
Adjudged and Decreed by the Judge that the said defendant is guilty of the offense . . . ."

An analogous case was presented to the court of criminal appeals in Villela v. State,
564 S.W.2d 750 (Tex. Crim. App. 1978). In that case, the defendant waived trial by jury and
pleaded guilty. After accepting the plea and hearing the State's evidence, the trial court ordered
the preparation of a presentence report. At a subsequent hearing, the court considered further
evidence and assessed punishment. At neither the guilty plea nor the punishment hearing did the
court orally adjudicate guilt, but the written judgment did recite such a finding. The court of
criminal appeals held that the trial court's actions necessarily implied a finding of guilt and
supported the written judgment. Id. at 751.

In this cause, Connolly pleaded guilty and judicially confessed to the alleged theft
offense. After accepting the plea and considering the confession, the district court found that the
evidence substantiated Connolly's guilt. The court then concluded that the best interests of society 
and Connolly would be served by deferring adjudication of guilt and placing Connolly on
community supervision. Later, after finding that Connolly violated the conditions of his
supervision, the court revoked supervision and assessed punishment. The court's actions
necessarily imply a finding of guilt and support the recital in the judgment. Point of error three
is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Affirmed on Remand

Filed: March 18, 1999

Do Not Publish 















* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



vid Connolly, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 39,512, HONORABLE JOE CARROLL, JUDGE PRESIDING







The district court found that Charles David Connolly violated the terms of his
deferred adjudication community supervision, adjudged him guilty of theft, and sentenced him to
imprisonment for two years. On original submission, this Court sustained Connolly's first two
points of error and reversed the adjudication of guilt because the State failed to present sufficient
evidence of due diligence in apprehending Connolly after expiration of his supervisory term. 
Connolly v. State, 955 S.W.2d 411, 414 (Tex. App.--Austin 1997). The court of criminal appeals
reversed our judgment on the State's petition for discretionary review. Connolly v. State, No.
1637-97 (Tex. Crim. App. Jan. 13, 1999). The court disavowed its earlier opinions on which we
had relied and concluded that the due diligence points should have been dismissed without reaching
their merits. Id., slip op. at 7. The appeal was remanded to us to address the third and final point
of error. Id.

In his third point of error, Connolly contends the district court sentenced him
without a finding of guilt. At the conclusion of the revocation and adjudication hearing, the court
announced its finding that Connolly violated the conditions of his supervision, revoked
supervision, and assessed punishment. The court did not orally state that it found Connolly guilty. 
The written judgment of conviction states, however, "It is therefore Considered, Ordered,
Adjudged and Decreed by the Judge that the said defendant is guilty of the offense . . . ."

An analogous case was presented to the court of criminal appeals in Villela v. State,
564 S.W.2d 750 (Tex. Crim. App. 1978). In that case, the defendant waived trial by jury and
pleaded guilty. After accepting the plea and hearing the State's evidence, the trial court ordered
the preparation of a presentence report. At a subsequent hearing, the court considered further
evidence and assessed punishment. At neither the guilty plea nor the punishment hearing did the
court orally adjudicate guilt, but the written judgment did recite such a finding. The court of
criminal appeals held that the trial court's actions necessarily implied a finding of guilt and
supported the written judgment. Id. at 751.

In this cause, Connolly pleaded guilty and judicially confessed to the alleged theft
offense. After accepting the plea and considering the confession, the district court found that the
evidence substantiated Connolly's guilt. The court then concluded that the best interests of society 
and Connolly would be served by deferring adjudication of guilt and placing Connolly on
community supervision. Later, after finding that Connolly violated the conditions of his
supervision, the court revoked supervision and assessed punishment. The court's actions
necessarily imply a finding of guilt and support the recital in the judgment. Point of error three
is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Affirmed on Remand

Filed: March 18, 1999

Do Not Publish 















* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



vid Connolly, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 39,512, HONORABLE JOE CARROLL, JUDGE PRESIDING







The district court found that Charles David Connolly violated the terms of his
deferred adjudication community supervision, adjudged him guilty of theft, and sentenced him to
imprisonment for two years. On original submission, this Court sustained Connolly's first two
points of error and reversed the adjudication of guilt because the State failed to present sufficient
evidence of due diligence in apprehending Connolly after expiration of his supervisory term. 
Connolly v. State, 955 S.W.2d 411, 414 (Tex. App.--Austin 1997). The court of criminal appeals
reversed our judgment on the State's petition for discretionary review. Connolly v. State, No.
1637-97 (Tex. Crim. App. Jan. 13, 1999). The court disavowed its earlier opinions on which we
had relied and concluded that the due diligence points should have been dismissed without reaching
their merits. Id., slip op. at 7. The appeal was remanded to us to address the third and final point
of error. Id.

In his third point of error, Connolly contends the district court sentenced him
without a finding of guilt. At the conclusion of the revocation and adjudication hearing, the court
announced its finding that Connolly violated the conditions of his supervision, revoked
supervision, and assessed punishment. The court did not orally state that it found Connolly guilty. 
The written judgment of conviction states, however, "It is therefore Considered, Ordered,
Adjudged and Decreed by the Judge that the said defendant is guilty of the offense . . . ."

An analogous case was presented to the court of criminal appeals in Villela v. State,
564 S.W.2d 750 (Tex. Crim. App. 1978). In that case, the defendant waived trial by jury and
pleaded guilty. After accepting the plea and hearing the State's evidence, the trial court ordered
the preparation of a presentence report. At a subsequent hearing, the court considered further
evidence and assessed punishment. At neither the guilty plea nor the punishment hearing did the
court orally adjudicate guilt, but the written judgment did recite such a finding. The court of
criminal appeals held that the trial court's actions necessarily implied a finding of guilt and
supported the written judgment. Id. at 751.

In this cause, Connolly pleaded guilty and judicially confessed to the alleged theft
offense. After accepting the plea and considering the confession, the district court found that the
evidence substantiated Connolly's guilt. The court then concluded that the best interests of society 
and Connolly would be served by deferring adjudication of guilt and placing Connolly on
community supervision. Later, after finding that Connolly violated the conditions of his
supervision, the court revoked supervision and assessed punishment. The court's actions
necessarily imply a finding of guilt and support the recital in the judgment. Point of error three
is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Affirmed on Remand

Filed: March 18, 1999

Do Not Publish