Affirmed and Memorandum Opinion filed March 13, 2003









Affirmed and Memorandum Opinion filed March 13, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00123-CR

____________

 

JOHN DAVID NEWMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 13,318

 



 

M E M O R A N D U M   
O P I N I O N

Appellant was charged with the offense of “theft by check.”  After entering a negotiated plea of guilty,
he was placed on deferred adjudication/community supervision for five
years.  Seven months into his deferred
adjudication, upon motion by the State, appellant=s community supervision was
revoked.  Asserting two points of error,
appellant appeals the revocation of his community supervision.  We affirm.








PROCEDURAL AND FACTUAL HISTORY

On May 2, 2001, appellant John David Newman appeared before
the trial court and entered a plea of guilty to the offense of theft of
property valued at more than $1,500 and less than $20,000.  See Tex.
Pen. Code ' 31.03(e)(4)(A) (Vernon Supp. 2003).  In return for his guilty plea, appellant
received a sentence of five years= deferred adjudication/community
supervision.  

One of the conditions of appellant=s community supervision was residence
in the McLennan County Restitution Center for a period of “not less than three
months nor more than 24 months” beginning May 2, 2001.  A second condition was that appellant would “[c]ommit no offense against the laws of this State or any
State or the United States or any governmental entity.”

Because McLennan County Restitution Center lacked space at
the time of appellant=s plea agreement, appellant was ordered to remain at
Washington County Jail until a bed was available at McLennan.  The record shows appellant spent
approximately one and a half months at the jail waiting for his space at
McLennan. 

On June 27, 2001, appellant was transferred to McLennan,
where he resided until October 19, 2001, when, as a result of a motion to
revoke filed by the State, the trial court held a hearing and amended the
conditions of his probation.[1]  The judge signed the order amending the
conditions of appellant=s deferred adjudication on October 26, 2001, and ordered that
“in lieu of incarceration, the defendant [was] . . . to reside at the Bastrop
County Restitution Center for a term which may not be more than 24 months.” 








Because a bed was not available at Bastrop, appellant was
ordered to reside at Washington County Jail until space became available.  The record shows appellant was moved to
Washington County and scheduled to be transported to Bastrop on November 9,
2001.

Appellant never made it to Bastrop, however.  On October 25, 2001, while residing at the
jail and waiting for space to open at Bastrop, appellant assaulted fellow
inmate Wilmer Rios by hitting him in the face and choking him around the neck.  Although Rios did not file charges and was
not asked to file a complaint, appellant=s transfer to Bastrop was cancelled
and the State filed a second motion to revoke appellant=s deferred adjudication. 

The State=s second motion to revoke was heard on December 13,
2001.  Despite appellant=s plea of “not true,” the trial court
found appellant had indeed violated his probation.  The trial court then revoked appellant=s deferred adjudication, found
appellant guilty of the State jail felony of theft as alleged in the
indictment, and sentenced appellant to two years= confinement in a State jail
facility.

Following denial of appellant=s motion for new trial, appellant
filed a timely notice of appeal. 

ISSUES ON APPEAL

On appeal, appellant asserts the trial court (1) erred when
it found the State=s allegations regarding appellant=s probation violations to be true;
and (2) erred when it overruled appellant=s objection that the trial court=s October 19, 2001 probation
amendment violated the Texas Code of Criminal Procedure.




SUFFICIENCY OF THE EVIDENCE

In his first point of error, appellant complains there is
insufficient evidence to support a finding he violated the terms of his
probation.  This issue is not reviewable
on appeal.  








In the present case, the trial court rendered a decision that
adjudicated appellant=s guilt and revoked his community supervision.  Appellant=s contention of error is based upon
an attempt to appeal from the decision to adjudicate guilt.  An appellant whose deferred adjudication
probation has been revoked and who has been adjudicated guilty of the original
charge may not raise on appeal contentions of error in
the adjudication of guilt process.  Tex. Crim. Proc. Code Ann. Art 42.12 ' 5(b) (Vernon Supp. 2003); Connolly
v. State, 983 S.W.2d 738,741 (Tex. Crim. App. 1999).  Thus, we do not address appellant=s contention.  Accordingly, we overrule appellant=s first point of error.  

VALIDITY OF TRIAL COURT=S PROBATION AMENDMENT

In his second point of error, appellant asserts the trial
court erred in overruling his objection to the trial court=s October 19, 2001 amendment to
appellant=s probation terms.  He complains that when the trial court
ordered him to reside at Bastrop County Restitution Center for a “term not to
exceed 24 months,” and further ordered to him to remain at Washington County
Jail until space became available at Bastrop, the trial court violated Texas
law.  See Tex. Crim. Proc. Code Ann. art. 42.12 ' 12(b) (Vernon Supp. 2003) (A judge who
requires as a condition of community supervision that defendant serve a term in
a community corrections facility may not impose a term of confinement that,
when added to the term imposed under Section 18, exceeds 24 months.).  

Appellant argues that “when [appellant=s] time in the restitution center was
added to the term imposed that he was to stay in the county jail until space
became available at the [restitution] center, the total of the two would
conceivably be more than the maximum 24 months allowed by law.”  Appellant=s contention fails for two reasons. 








First, error, if any, was harmless and was rendered moot
based on the trial court=s later acts revoking appellant=s probation and sentencing appellant
to confinement for the original offense. 
Appellant never actually endured a term of confinement and a term in a
community corrections facility which, when combined, exceeded 24 months. As
appellant acknowledges, any violation of article 42.12 ' 12(b) was merely “conceivable,” not
actual, and any potential for harm was cured when his probation was revoked. 

Second, appellant=s objection was waived.  To preserve error for appellate review, an
appellant must make a timely, specific objection, at the earliest opportunity,
and obtain an adverse ruling.  See
Tex. R. App. P. 33.1; Rhoades
v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). 

Here, the record shows the trial court amended appellant=s probationary terms on October 19,
2001, signed its amendment order on October 26, 2001, and appellant agreed to
the amendment.[2]  The record also indicates appellant was aware
of the date he was to be  transferred to
BastropCNovember 9Cat least a “week and a half” before
the transfer was to take place.

Despite this, it was not until December 13, 2001Cwhen the trial court held a hearing
on the State=s second motion to revokeCthat appellant first raised his
objection to the October 19 amendment. 
Such an objection was neither timely nor made “at the earliest
opportunity.”  See Tex. R. App. P. 33.1; Speth v. State, 6 S.W.3d 530, 535 (Tex. Crim.
App. 1999) (finding no preservation of error where appellant failed to object
to conditions of probation at trial and complained of them for the first time
on appeal).  The crux of the problem with
appellant=s tardy complaint is that on December
13 the trial court was holding a hearing to consider appellant=s second violation of the terms of
his community supervision.  Under article
42.12 ' 5(b), that hearing was limited to
the determination by the court of whether to proceed with an adjudication of
guilt on the original charge.  Any
complaint at that December 13 hearing regarding a condition of community
supervision formerly imposed by the court on October 26, and accepted by
appellant, was not timely.  








Appellant=s second point of error therefore fails.  Accordingly, we affirm the trial court=s judgment revoking appellant=s probation.

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 13, 2003.

Panel consists of
Justices Yates, Anderson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The State’s
first motion to revoke appellant’s deferred adjudication alleged three
probationary violations:  (1) a failure
to adhere to the condition that he not commit any “offense against the laws of
the State@ as evidenced by appellant=s operation of an automobile without its owner’s
consent; (2) a failure to “abstain from injurious habits” as evidenced by
appellant’s testing positive for cocaine; and (3) a failure to “abide by the
rules and regulations” of McLennan County Restitution Center.  At appellant’s hearing, the trial court
struck the third alleged violation and appellant pled true to the use of cocaine.  The record does not reflect whether the trial
court found the first allegation to be true.





[2]  In his brief,
appellant acknowledges he may have agreed to the court=s amendment, but he adds this agreement was based on
ignorance of the law and ineffective assistance of counsel.  No point of error is raised regarding these
later allegations.