Dismissed and Memorandum Opinion filed October 7, 2004









Dismissed and Memorandum Opinion filed October 7, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00897-CR

_______________

 

KEITH LASHONE HOGANS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 183rd District Court

Harris
County, Texas



Trial Court Cause No. 761,122

 



 

M E M O R A N D U M  
O P I N I O N

 

Keith Lashone Hogans appeals a conviction for
aggravated assault with a deadly weapon[1]
on the ground that he received ineffective assistance of counsel during the
hearing on the State=s motion
to adjudicate guilt.  We dismiss for lack
of jurisdiction.








No appeal may be taken from a trial court=s
determination to proceed with adjudicating guilt on the original charge
following a violation of the terms of a deferred adjudication community
supervision,[2]
even for a claim of ineffective assistance of counsel.  Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992).  An appeal may only be
taken from the proceedings occurring after the adjudication of guilt, such as
assessment of punishment.[3]

In this case, because appellant=s appeal
complains of matters occurring during the adjudication of guilt proceeding,
rather than any subsequent proceeding, we have no jurisdiction over it.  Accordingly, the appeal is dismissed for lack
of jurisdiction.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed October 7, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           Appellant
entered a nolo contendere plea, and the trial court deferred an adjudication of
guilt and placed him on community supervision. 
After subsequently granting the State=s motion
to revoke the deferred adjudication, the trial court sentenced appellant to
five years confinement.





[2]           Tex. Code
Crim. Proc. Ann. art.
42.12, ' 5(b) (Vernon Supp. 2005); Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999).





[3]           Tex. Code
Crim. Proc. Ann. art.
42.12, ' 5(b).