NUMBER 13-04-354-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

CHRISTOPHER BARRIENTEZ,                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

 

On appeal from the 347th District
Court of Nueces County, Texas.

 

MEMORANDUM OPINION

 

                          Before
Justices Yañez, Castillo and Garza       

                            Memorandum
Opinion by Justice Yañez

 

By a single issue, appellant, Christopher
Barrientez, challenges the revocation of his deferred adjudication community
supervision.  We affirm. 

The record contains the trial court=s certification that this is not a plea-bargain
case, and the defendant has the right to appeal.[1]









As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[2]
          

On June 18, 2002, pursuant to a plea bargain,
appellant pleaded guilty to the offense of unauthorized use of a motor vehicle.[3]  He was placed on deferred adjudication for
three years, given fifteen days in jail as a condition of probation, and was
fined $750.  On February 13, 2003, the
State filed a motion to revoke community supervision.   Appellant pleaded Atrue@ and was continued on probation.  The State filed a second motion to revoke
community supervision on April 27, 2004. 
Appellant pleaded Anot true@ to the State=s allegations. 
Following a hearing, the trial court found appellant violated all the
conditions alleged by the State, revoked his community supervision, adjudicated
him guilty, and sentenced appellant to two years in a state jail facility.   

In a single issue, appellant contends the State
failed to prove the elements of its allegations of injury to a child, family
violence, and terroristic threats.








Article 42.12 , section 5(b) of the code of criminal
procedure provides that no appeal may be taken from a trial court=s determination to proceed with adjudication of
guilt.[4]  We have no power to review any challenge to
the sufficiency of the notice contained in the terms and conditions of the
community supervision imposed by the trial court, adequacy of the State's
motion to revoke, or sufficiency of the evidence to support the trial court's
adjudication decision.[5]  Accordingly, appellant is statutorily barred
from challenging the trial court=s determination to proceed with adjudication of his
guilt.[6]  Thus, we cannot consider appellant=s issue. 

We AFFIRM the judgment of the trial court.                       

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 4th day of August, 2005.











[1] See Tex. R. App. P. 25.2(a)(2).





[2] See Tex. R. App. P. 47.4.





[3] See Tex. Pen. Code Ann. ' 31.07 (Vernon 2003).





[4] Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2004-05); see also Connolly v.
State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826
S.W.2d 940, 942 (Tex. Crim. App. 1992).  





[5] See Connolly, 983 S.W.2d at
741. 





[6] See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2004-05).