Dismissed and Memorandum Opinion filed August 11, 2005









Dismissed and Memorandum Opinion filed August 11,
2005.

 

In The

Fourteenth Court of Appeals

 

____________

 

NO. 14-05-00130-CR

____________

 

ALISSIA AMANDA
WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
262nd District Court

Harris County,
Texas

Trial Court Cause No.
877,840

 



 

M E M O R A N D U M   O P I N I O N

Appellant pled guilty to the offense of aggravated
assault.  The trial judge deferred
adjudication of guilt and placed appellant on community supervision for ten
years.  The State filed a motion to
adjudicate guilt.  After a hearing, the
trial court found appellant guilty and assessed punishment at confinement in
the Institutional Division of the Texas Department of Criminal Justice for ten
years.  Appellant filed a timely written
notice of appeal from the judgment adjudicating guilt.








On appeal, appellant challenges the trial court=s admission of hearsay testimony at
the hearing on the state=s motion to adjudication appellant=s guilt.  It is well settled that an appellant whose
deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in
the adjudication of guilt process.  Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Tex. Code Crim. Proc. Ann. Art. 42.12 ' 5(b) (Vernon Supp. 2004-05).  Appellant may only raise issues that occur
after adjudication of guilt.  See
Ditto v. State, 988 S.W.2d 236, 238 (Tex. Crim. App. 1999).  

On July 21, 2005, notification was transmitted to the parties
of this court=s intention to dismiss the appeal for
want of jurisdiction.  Appellant filed no
response.

Accordingly, we dismiss the appeal for want of jurisdiction.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed August 11, 2005.

Panel consists of Chief Justice
Hedges and Justices Yates and Anderson.

Do Not Publish C Tex. R. App.
P. 47.2(b).