NOS. 12-00-00275-CR


 12-00-00279-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



DIANA SMITH,
§
 APPEAL FROM THE 114TH

APPELLANT 


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE §
 SMITH COUNTY, TEXAS

 

PER CURIAM


 In April of 2000, Appellant Diana Smith pleaded guilty to the offenses of possession of a
controlled substance and possession of a prohibited weapon, both third degree felonies. Tex.
Health & Safety Code Ann. § 481.115 (Vernon Supp. 2002); Tex. Pen. Code Ann. § 46.05
(Vernon 1994). Based upon written stipulations of evidence, the trial court found that the evidence
supported Appellant's guilt in each cause. The trial court deferred making findings of guilt and
placed Appellant on deferred adjudication probation for a period of five years in each cause.
Appellant did not appeal at that time. 

 In July of 2000, the State filed a motion to proceed to final adjudication and revoke
Appellant's probation in each cause. Based upon Appellant's pleas of true to certain allegations in
the State's motions to adjudicate, the trial court found the allegations to be true. Subsequently, the
trial court adjudicated Appellant's guilt in each cause, revoked Appellant's probation, and assessed
punishment at five years of incarceration and a fine of $5,000.00 in each cause.

 Appellant's counsel has filed a brief in compliance with Anders v. California, 386 U.S. 738
(1967) in each cause. Counsel's Anders briefs contain a professional evaluation of the record
demonstrating why, in effect, there are no arguable grounds to be advanced. See High v. State, 573
S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974).

 Counsel's briefs correctly recite that this court has no jurisdiction to address potentially
arguable issues arising from the trial court's adjudication of guilt in each cause. Under article 42.12
§ 5(b) of the Texas Code of Criminal Procedure, an Appellant whose deferred adjudication probation
has been revoked and who has been adjudicated guilty of the original charge may not raise on appeal
contentions of error in the adjudication of guilt process. Tex. Code Crim. Proc. Ann. art. 42.12
§ 5(b) (Vernon Supp. 2002); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). 

 Counsel served copies of her briefs on Appellant, and though Appellant was advised of her
right to file pro se briefs in each cause by counsel and by this court, she has not done so.

 We have reviewed the clerk's record and the reporter's record in each cause and find nothing
that might arguably support an appeal. We conclude the appeals are wholly frivolous and without
merit. We affirm the trial court's judgments and grant counsel's motions to withdraw in each cause.




Opinion delivered February 20, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.















(DO NOT PUBLISH)