In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-529 CR


NO. 09-01-530 CR


NO. 09-01-531 CR


____________________



SHAWN BELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 69499, 83966 and 84910






MEMORANDUM OPINION


 Shawn Bell entered a guilty plea in Cause No. 69499 to the second degree felony
offense of possession of a controlled substance, cocaine, in an amount of four grams or
more but less than two hundred grams. Tex. Health & Safety Code Ann. §
481.115(a),(d) (Vernon Supp. 2002). The trial court deferred adjudication of guilt and
placed Bell on community supervision for ten years. In a subsequent hearing on the
motion to adjudicate guilt, Bell pleaded true to an allegation that, while on community
supervision, he committed the offense of possession of a controlled substance. The trial
court assessed punishment at ten years of confinement in the Texas Department of
Criminal Justice, Institutional Division. 

 In the same proceeding in which he pleaded "true" to the motion to adjudicate guilt
in Cause No. 69499, Bell pleaded guilty to the third degree felony offense of possession
of a controlled substance, cocaine, in an amount of one gram or more but less than four
grams, as alleged in the indictment in Cause No. 83966. Tex. Health & Safety Code
Ann. § 481.115(a),(c) (Vernon Supp. 2002). The trial court convicted Bell and assessed
punishment at ten years of confinement in the Texas Department of Criminal Justice,
Institutional Division. 

 Contemporaneously with Cause No. 83966, Bell pleaded guilty in Cause No. 84910
to the state jail felony offense of possession of a controlled substance, cocaine, in an
amount of less than one gram. Tex. Health & Safety Code Ann. § 481.115(a),(b)
(Vernon Supp. 2002). The trial court convicted Bell and assessed punishment at two years
of confinement in a state jail facility.

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 21, 2002, we
granted Bell an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeals involve the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The appellant was duly admonished of the punishment range for all three offenses
and the effect of his guilty pleas, as well as the consequences of a violation of the terms
of community supervision. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 &
Supp. 2002); see also Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp.
2002). In addition, in Cause No. 69499, Bell cannot now raise error relating to the plea
proceeding in the appeal following deferred adjudication of guilt, nor may he appeal the
trial court's decision to adjudicate guilt in Cause No. 69499. See Manuel v. State,  994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999); Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999). Bell was provided the opportunity to present punishment
evidence. 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgments are affirmed. 

 AFFIRMED.

 PER CURIAM

Submitted on May 27, 2002 

Opinion Delivered May 29, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.