In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-342 CR


NO. 09-01-343 CR


NO. 09-01-344 CR


NO. 09-01-345 CR


____________________



JEREMIAH DEAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 82703, 83027, 83402 and 83403






MEMORANDUM OPINION


 Jeremiah Dean entered a guilty plea in Cause No. 82703 to the second degree felony
offense of burglary of a habitation. Tex. Pen. Code Ann. § 30.02 (a)(3),(c)(2) (Vernon
Supp. 2002). The trial court deferred adjudication of guilt and placed Dean on community
supervision for five years. In a subsequent hearing on motion to adjudicate guilt, Dean
pleaded true to an allegation that, while on community supervision, he committed the
offenses of burglary of a habitation and burglary of a building. The trial court assessed
punishment at twelve years of confinement in the Texas Department of Criminal Justice,
Institutional Division. 

 On the day the trial court heard the motion to adjudicate guilt in Cause No. 82703,
Dean pleaded guilty in Cause No. 83402 to the state jail felony offense of burglary of a
building. Tex. Pen. Code Ann. § 30.02 (a)(3),(c)(1) (Vernon Supp. 2002). The trial
court convicted Dean and assessed punishment at two years of confinement in a state jail
facility. 

 Dean contemporaneously pleaded guilty in Cause No. 83403 to the second degree
felony offense of burglary of a habitation. Tex. Pen. Code Ann. § 30.02 (a)(3),(c)(2)
(Vernon Supp. 2002). The trial court convicted Dean and assessed punishment at ten years
of confinement in the Texas Department of Criminal Justice, Institutional Division. 

 On the day the trial court heard the motion to adjudicate guilt in Cause No. 82703,
Dean also pleaded guilty in Cause No. 83027 to having committed the third degree felony
offense of criminal mischief causing loss in an aggregate value of $20,000 or more but less
than $100,000. Tex. Pen. Code Ann. § 28.03 (a),(b)(5),(e) (Vernon Supp. 2002). The
trial court sentenced Dean to five years of confinement in the Texas Department of
Criminal Justice, Institutional Division. 

 

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 25, 2002, we
granted Dean an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeals involve the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The appellant was duly admonished of the punishment range for the offenses and
the effect of his guilty pleas. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 &
Supp. 2002). Dean did not seek to withdraw his guilty plea in any of the cases he now
appeals. 

 In Cause No. 82703, Dean was admonished regarding the consequences of a
violation of the terms of community supervision. Tex. Code Crim. Proc. Ann. art.
42.12, § 5(a) (Vernon Supp. 2002). Dean cannot raise error relating to the plea
proceeding in the appeal following deferred adjudication of guilt, nor may he appeal the
trial court's decision to adjudicate guilt in Cause No. 82703. Manuel v. State,  994
S.W.2d 658, 661 (Tex. Crim. App. 1999); Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999). Dean was provided the opportunity to present punishment evidence. 
 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 AFFIRMED.

 PER CURIAM

Submitted August 13, 2002

Opinion Delivered August 28, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.