In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-306 CR


____________________



TERRANCE O.J. LEDET, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 82035






MEMORANDUM OPINION (1)


 Terrance O.J. Ledet pleaded guilty to the second degree felony offense of burglary
of a habitation. Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2003). Following a plea
bargain agreement between Ledet and the State, the trial court deferred adjudication of
guilt, then placed Ledet on community supervision for six years and fined him $800. Less
than two years later, Ledet pleaded true to two of eight allegations that he violated the
terms of the community supervision order. The trial court found all of the allegations to
be true, convicted Ledet and assessed punishment at twelve (12) years of confinement in
the Texas Department of Criminal Justice, Institutional Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 1, 2003, we
granted Ledet an extension of time in which to file a pro se brief. Ledet filed a response
that states no points of error and cites no authority, but discusses two issues: 1) the trial
court's failure to summon witnesses from the treatment center from which he had been
unsuccessfully discharged; and 2) the State's failure to prove the date of his arrest on the
subsequent offense that triggered the revocation proceedings in this case. 

 The trial court placed Ledet on community supervision in accordance with the terms
of a plea bargain agreement. Therefore, Ledet's general notice of appeal failed to invoke
our appellate jurisdiction over any issues relating to his conviction. Vidaurri v. State, 49
S.W.3d 880, 884-85 (Tex. Crim. App. 2001). However, the notice effectively invoked
our jurisdiction to review the process by which he was sentenced. Id. Furthermore, this
appeal follows the revocation of deferred adjudication community supervision. Therefore,
Ledet cannot appeal the trial court's decision to adjudicate guilt. Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999). Appellate review is not available to the extent
that either issue raised by the appellant relates to the trial court's decision to proceed with
an adjudication of guilt. Id. We shall address the appellant's complaints to the extent they
bear the potential for appellate review. 

 When provided an opportunity to present evidence in punishment, Ledet did not
complain of the absence of any witness relevant to punishment. The issue was not
preserved for appellate review. Tex. R. App. P. 33.1. Ledet's complaint regarding "date
of arrest" cannot be appealed. See Connolly, 983 S.W.2d at 741. At any rate, Ledet
pleaded "true" to having committed an offense while on supervision and the trial court
conducted the sentencing hearing long before the community supervision period would
have expired.

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED. 


 PER CURIAM


Submitted on June 25, 2003

Opinion Delivered July 16, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.