Opinion issued February 5, 2004










     




In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00318-CR
          01-02-00319-CR
____________

CHERYL BERNICE McFARLAN
aka CHERYL BERNICE HAMLETT BINGLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause Nos. 887864 and 747996 




MEMORANDUM OPINION

          Appellant, Cheryl Bernice McFarlan aka Cheryl Bernice Hamlett Bingley,
appeals her convictions for felony theft (trial court cause number 747996; appellate
cause number 01-02-00319-CR) and debit card abuse (trial court cause number
887864; appellate cause number 01-02-00318-CR). 
          In 1997, appellant pleaded no contest to felony theft. Pursuant to a plea
agreement, the trial court deferred adjudication of guilt and placed appellant on 10
years’ community supervision. One of the conditions of the community supervision
was that appellant not violate state or federal law. 
          In 2001, appellant was indicted for debit card abuse. The State sought to
adjudicate appellant’s guilt for theft on the basis that she had committed debit card
abuse, a violation of her deferred adjudication community supervision. Appellant
waived her right to trial by jury. Appellant agreed to have the trial court hear both the
motion to adjudicate guilt for the first offense of theft and the trial on the merits of
the second offense of debit card abuse in a consolidated proceeding. 
          Finding the State’s allegation that appellant committed the second offense of
debit card abuse to be true, the trial court adjudicated appellant guilty of theft. The
trial court then found appellant guilty of the second offense of debit card abuse. After
the punishment hearing, the trial court sentenced appellant to three years in the theft
case, appellate cause number 01-02-00319-CR, and nine months in the debit card
abuse case, appellate cause number 01-02-00318-CR.
          In four points of error, appellant complains that (1) the trial court denied her
due process and due course of law when it found appellant guilty of debit card abuse
because the trial court stated on the record that it had a reasonable doubt regarding
appellant’s guilt and (2) the trial court denied appellant due process and due course
of law in both cause numbers when it considered appellant’s deferred adjudication
status in assessing appellant’s credibility. 
          We dismiss appellant’s appeal of the theft case, appellate cause number
01-02-00319-CR, for want of jurisdiction. We affirm the trial court’s judgment in the
debit card abuse case, appellate cause number 01-02-00318-CR. 
Background
          Appellant worked at Memorial Hermann Healthcare System (“MHHS”) as a
claims processor. Appellant’s cubicle was located next to that of complainant Deanna
Oeltjen. At approximately 11:00 a.m. on June 12, 2001, complainant noticed that a
$100 bill was missing from her purse, which she kept under her desk. Following her
lunch breack, at around 1:30 p.m., complainant noticed her Visa debit card lying on
the floor beside her purse. 
          A couple of days later, complainant learned that a $400 gift certificate from
Foley’s department store had been purchased using her debit card. Foley’s records
showed that the gift card had been purchased on June 12 at 10:22 a.m. 
          Complainant suspected that either appellant or another coworker, R. Lewis, had
taken the debit card. Complainant contacted the Houston Police Department to report
the crime and met with forgery officer Dennis Domagas. Officer Domagas learned
that appellant had been previously arrested for theft. The officer compiled two
photospreads—one containing appellant’s photograph and the other containing
Lewis’s photograph. Officer Domagas showed the two photospreads to Charlotte
Pickett, the Foley’s sales clerk who had sold the $400 gift certificate purchased with
complainant’s debit card.
          Each photospread contained six photographs. Out of the 12 photographs
contained in the two photospreads, Pickett identified only appellant as the person to
whom she had sold the $400 gift certificate on June 12.
          At trial, Pickett testified that on June 12 appellant and an unidentified man
came into Foley’s shortly after the store opened. The couple asked to purchase two
$400 Foley’s gift cards with a credit card. Pickett indicated that she remembered the
transaction because the requested gift cards were for such large sums. 
          Pickett recalled that she had contacted her manager and Foley’s “loss
prevention” to determine whether she should complete the transaction. Loss
prevention gave Pickett its approval. Pickett then charged the first $400 gift card to
complainant’s debit card. But, when Pickett tried to charge the second $400 gift card,
the bank denied authorization. Pickett stated that she reached for the telephone to call
the bank to obtain authorization, but appellant told her not to call. Pickett found this
unusual because “99 percent of the time the customer allows us to call whoever we
need to call.” 
          Appellant also presented several witnesses at trial. Through MHHS records
custodian Terry Kanzig, the defense introduced business records showing that on
June 12 appellant had clocked into work at 7:08 a.m. and out at 2:53 p.m. Appellant
clocked out at no other time that day. 
          MHHS risk management security software records custodian Tim Moore
testified that the employees in the claims department, where appellant worked, had
individual secure passwords to access the computer server. The computer software
that appellant used to do her job could only be accessed from five computer stations
in appellant’s work area. On June 12, 2001, five computer entries were made
between 10:22 a.m. and 10:54 a.m. using appellant’s password. However, on cross-examination, Moore stated that he was aware that two MHHS employees were
sharing one password at the time of trial. 
          Memorial Hermann Credit Union manager Patricia McDonald testified that
complainant’s debit card was used for a $400 purchase at Foley’s on June 12, 2001
at 10:22 a.m. Another charge was attempted for $400 at Foley’s at 10:25 a.m. Two
more transactions, which were declined by the bank, were attempted at 10:52 a.m. and
10:54 a.m. at a shoe store. Foley’s records custodian David Riddle testified that
someone redeemed the $400 gift card to purchase items on June 13, 15, and 16, 2001. 
          Appellant also testified at trial. Appellant stated that, based on an investigation
she conducted following her arrest for debit card abuse, it would have taken her at
least an hour to leave work, travel to Foley’s, go to the shoe store, and then return to
work. Appellant also testified that, after Pickett identified her as the person to whom
Pickett had sold the $400 gift card, appellant went to Foley’s, purchased merchandise
from Pickett, and spoke to Pickett regarding potential employment with Foley’s. 
Appellant also introduced Pickett’s business card into evidence. According to
appellant, Pickett told her that she could use Pickett as a referral on the Foley’s
employment application. Appellant testified that she spoke with Pickett 20 to 25
minutes that day.
          In response to evidence presented by the State that June 12 was appellant’s last
day of employment with MHHS, appellant testified that she had given her resignation
notice a month prior to her last day. Appellant acknowledged that her resignation
notice had designated June 13 as her last day of employment with MHHS. Appellant
explained that she had an argument with her supervisor on June 12 and decided not
to return the following day.
          Following closing arguments, the trial court verbally summarized the evidence
presented at trial, discussed the inferences it had drawn from the evidence, and
presented its conclusions based on the evidence. The court began by stating the
reasons why it found Pickett’s photospread identification of appellant to be credible
and reliable, but the court also recognized the danger in relying solely on photo-spread identifications. The court observed that in this case other credible
circumstantial evidence linked appellant to the debit card abuse offense. The trial
court noted that appellant had the opportunity to commit the offense and found the
fact that appellant’s last day of employment with MHHS was the date of the offense
to be incriminating. The court further noted that it did not find appellant’s testimony
to be credible due to appellant’s deferred adjudication status.
          After discussing the evidence, the trial court concluded as follows regarding
the motion to adjudicate appellant’s guilt in the theft case:
To prove a motion to adjudicate, the State simply has to prove by the
preponderance of the evidence that the defendant broke the conditions
of probation. And I think that if I look at this case strictly by a
preponderance of the evidence, the State has met the burden of proof. 
She was positively identified in the photospread, the circumstantial
evidence backs up the positive identification, circumstantial evidence in
that she had the opportunity to commit the crime, she had the
opportunity to take the card, she had the opportunity to return the card,
and that she fled or quit working after the offense. All of those
circumstantial items support the positive identification of the defendant.
 
So, I am finding that the State has met their burden of proof with
regards to the motion to adjudicate guilt regarding the law violation.

          After finding the State had met its burden with regard to the motion to
adjudicate, the trial court then turned to the debit card abuse offense and stated as
follows:
As to the new charge of debit card abuse, it is more difficult to
me, more difficult to me when the State has to prove the case beyond a
reasonable doubt. Do I have a reasonable doubt? The truth of the
matter is I do. I think the defendant is a bright lady. I think the
defendant has the ability to be cunning and deceptive. And I think that
she planned this out. It took a fairly bright person to be able to have
somebody come, pick them up after taking the card, drive to a nearby
area, ask for a gift card, something you can purchase quickly in a large
amount that she can later come back and get items—That’s pretty smart
to come up with that concept of the theft—drive back, have the person
drop you off, and then go right back to work and then return the card so
that the card holder would never know how the person had gotten ahold
of the card or the card number. That takes a pretty smart, manipulative
kind of person. And I think the defendant, based on what I’ve seen, is
such person.
 
So, I am finding the defendant guilty of debit card abuse.

Discussion
A.      Did the trial court find appellant’s guilt beyond a reasonable doubt?
          In her first two points of error, appellant contends that the trial court denied her
due process and due course of law in violation of the federal and state constitutions
when it found appellant guilty of debit card abuse in appellate cause number 01-02-00318-CR because the trial court admitted on the record that it had a reasonable
doubt regarding appellant’s guilt. 
          It is a fundamental legal precept that no person shall be deprived of life, liberty,
or property without due process and due course of law. U.S. Const. amends. V, XIV;
Tex. Const. art. I, § 19; Tex. Code Crim. Proc. Ann. art. 1.04 (Vernon 1977). 
Consistent with due process, the State is required to prove each element of an offense
beyond a reasonable doubt. See Tex. Pen. Code Ann. § 2.01 (Vernon 2003); Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004). In support of her
contention that she was deprived of due process and due course of law, appellant
relies on the following statement of the trial court: “Do I have a reasonable doubt? 
The truth of the matter is I do.” Thus, the issue as presented on appeal is not whether
the evidence supports a finding that appellant committed debit card abuse beyond a
reasonable doubt; rather, the issue is whether the trial court convicted appellant even
though it possessed a reasonable doubt about appellant’s guilt. 
          Because the trial court was the sole trier of fact, we are not at liberty to disturb
any finding that is supported by the record. Green v. State, 615 S.W.2d 700, 707
(Tex. Crim. App. 1980). In reviewing the record, we agree with the State that the trial
court’s remark must not be viewed in isolation, but rather within the context of the
record as a whole. The record shows that the trial court was aware that it must find
appellant’s guilt beyond a reasonable doubt. The record also includes a lengthy
recitation by the trial court explaining why it believed the evidence supported a
finding that appellant was the person who had taken the complainant’s debit card on
June 12. In addition, immediately after it made the comment that appellant now relies
on, the trial court stated that it believed that appellant had “planned out” the offense
and that based on the evidence presented, the court believed that appellant was the
type of person who was capable of committing the acts that formed the basis of the
offense. In spite of the quoted passage relied on by appellant, the record
demonstrates that the trial court found appellant guilty of debit card abuse beyond a
reasonable doubt.
          We overrule appellant’s first and second points of error.
B.      Did the Trial Court Improperly Consider Appellant’s Deferred
Adjudication Status?

          In her third and fourth points of error, appellant complains that her federal and
state due process and due course of law rights were violated in both cause numbers
when the trial court considered her deferred adjudication status to impeach
appellant’s testimony. 
          1.       Appellate cause number 01-02-00319-CR
          To the extent that appellant’s third and fourth points of error complain of the
trial court’s decision to adjudicate appellant’s guilt for theft in appellate cause
number 01-02-00319-CR, we recognize that the Court of Criminal Appeals has held
that an appellant whose deferred adjudication community supervision has been
revoked, and who subsequently has been adjudicated guilty of the original charge,
may not raise on appeal contentions of error in the adjudication of guilt process.


 
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (holding that Code
of Criminal Procedure article 42.12, section 5(b) prohibits defendant from raising
claim of error in adjudication of guilt process); Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992) (stating that even if appellant’s right to counsel had been violated,
he could not use direct appeal as vehicle by which to seek redress); see also Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004). As such, this Court
is deprived of jurisdiction to consider an appeal from the trial court’s decision to
adjudicate guilt. Connolly, 983 S.W.2d at 741; Phynes, 828 S.W.2d at 2. Appellant
has not provided any argument that would prevent application of this rule to her
appeal of the theft conviction. Accordingly, we dismiss the appeal in appellate cause
number 01-02-00319-CR. 
          2.       Appellate cause number 01-02-00318-CR
          We now turn to appellant’s argument in points of error three and four as they
relate to the trial court’s determination that appellant was guilty of debit card abuse,
appellate cause number 01-02-00318-CR. Appellant points out that the trial court
remarked during its discussion of the evidence that the court did not find appellant’s
testimony credible because appellant was on deferred adjudication for theft. 
Appellant argues that an accused must be tried only for the offense of which she is
charged and not for being a criminal generally. In her briefing, appellant contends
that “the trial court, by its own statements, improperly considered Appellant’s status
of deferred adjudication for the offense of theft in assessing Appellant’s character for
truthfulness, depriving her of a fair determination of her guilt for the alleged offense
of credit [sic] card abuse and the allegations in the motion to adjudicate, in direct
violation of this basic rule.” In support of this contention, appellant argues that the
trial court should not have considered her deferred adjudication status because it was
inadmissible character evidence under Rule of Evidence 404 and was likewise
inadmissible for impeachment purposes under Rules of Evidence 608 and 609. 
          Appellant’s third and fourth points of error are initially stated as complaining
that the trial court violated her constitutional rights of due process and due course of
law when it considered appellant’s deferred adjudication status in assessing
appellant’s credibility. However, the argument and authority offered by appellant in
support of these points focuses on whether the trial court abused its discretion in
admitting evidence of her deferred adjudication status. Thus, it is unclear whether
appellant contends error occurred when the trial court admitted the evidence of her
deferred adjudication status or whether the complained-of error occurred when the
trial court considered the evidence in assessing appellant’s credibility. 
          Regardless of which alleged error she complains, appellant has failed to
preserve error. To preserve error on appeal, an appellant must first present the
complaint to the trial court by a timely request, objection, or motion, and obtain a
ruling. Tex. R. App. P. 33.1(a). A complaint at the trial court level informs the trial
judge of the nature of the issue and affords him or her the opportunity to rule. See
Saldano v. State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). With few exceptions
not applicable here, even constitutional complaints may be waived by the failure to
raise a timely objection in the trial court. See id. at 886-89. In this case, appellant did
not object to the admission of the evidence of her deferred adjudication status and did
not object, file a motion for new trial, or otherwise alert the trial court to her
complaint raised on appeal that the trial court “abused its discretion” and violated her
constitutional rights of due process and due course of law when the court considered
appellant’s deferred adjudication status in evaluating appellant’s credibility in the
debit card abuse case. 
          Moreover, appellant expressly agreed to have the trial court hear the motion to
adjudicate guilt for the theft offense and the trial on the merits for the debit card abuse
offense in a consolidated proceeding. Thus, during the joint proceeding, the trial
court was necessarily presented with evidence regarding appellant’s deferred
adjudication status. The record reveals no request by appellant to limit the court’s
consideration of the evidence that she was on deferred adjudication for theft to the
trial court’s determination of the motion to adjudicate guilt. Cf. Garcia v. State, 887
S.W.2d 862, 878 (Tex. Crim. App. 1994) (holding that, in jury trials, once evidence
is received without proper limiting instruction, it becomes part of general evidence
in case and may be used as proof to full extent of its rational persuasive power). 
Accordingly, appellant has waived the complaints she raises in her third and fourth
points of error. Tex. R. App. P. 33.1(a).
          We overrule appellant’s third and fourth points of error.
Conclusion
          We dismiss the appeal in 01-02-00319-CR for want of jurisdiction. We affirm
the judgment of the trial court in appellate cause number 01-02-00318-CR.
 



                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).