MARY'S OPINION HEADING 






                                                                                    NOS. 12-03-00076-CR
 12-03-00077-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MICHAEL LOPEZ,                                           §                 APPEAL FROM THE 241ST
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant attempts to appeal from the trial court’s decision to revoke his deferred
adjudication probation, and adjudicate his guilt in these two aggravated assault cases. Appellant
presents six issues relating to the hearing on the motion to proceed to a final adjudication of guilt. 
We dismiss for want of jurisdiction.
 
Background
            In separate indictments, the State charged Appellant with the aggravated assault of Laura
Buchanan and the aggravated assault of Yudiver Rosales. Appellant entered a plea of guilty in both
cases, which had been consolidated for the entry of Appellant’s pleas. The trial court deferred
adjudications of guilt and placed Appellant on community service for eight years. More than three
years later the State applied to the trial court to proceed to final adjudication in both cases alleging
various violations of the conditions of community supervision. After hearing, the trial court revoked
Appellant’s community supervision, found Appellant guilty of both assaults, and assessed
punishment for each at imprisonment for five years.
 
Jurisdiction
            Appellant brings six issues urging error in the hearing held to determine whether to proceed
to final adjudication. Lopez contends (1) that the evidence is insufficient to show he violated a
condition of his probation; (2) that the trial court erred in admitting his “unsubstantiated involuntary
confession”; (3) that his counsel was ineffective; (4) that his constitutional right to a prompt
revocation hearing was violated; (5) that the prosecutor’s comment on his failure to testify violated
his Fifth Amendment right against self-incrimination; and (6) that the trial court abused its discretion
by allowing hearsay testimony from Tyler Police Officer Green.
            Our disposition of this appeal is governed by Article 42.12, section 5(b) of the Code of
Criminal Procedure which states, in pertinent part, as follows:
 
On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination.


Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2003) (emphasis added).
            During the over quarter century since our trial courts were given the alternative of deferring
an adjudication of guilt and placing the defendant on probation, our court of criminal appeals has
consistently held that the statute means what it says, “that the trial court’s decision to proceed with
an adjudication of guilt is one of absolute discretion and not reviewable. . . .” Williams v. State, 592
S.W.2d 931, 932-33 (Tex. Crim. App. 1979); see also Connolly v. State, 983 S.W.2d 738 (Tex.
Crim. App. 1999) and the cases collected therein. In Connolly, the court of criminal appeals
explained, as follows:
 
In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. [citation omitted]. Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).


Connolly, 983 S.W.2d at 741.
            All of Appellant’s issues complain of errors in the adjudication of guilt process and therefore
present nothing for review. Appellant’s issues are overruled.
 
Conclusion
            Having determined that Appellant’s issues are not reviewable because they relate solely to
the trial court’s decision to proceed to adjudication, we dismiss this appeal for want of jurisdiction.
 
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered June 9, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.
















(DO NOT PUBLISH)