r02377.cp1








 









NUMBER 13-02-377-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
JOAQUIN CHAVEZ,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 197th District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez
 
          By four issues, appellant, Joaquin Chavez, challenges the revocation of his deferred
adjudication community supervision. We affirm. 
          Pursuant to this Court’s order dated July 10, 2004, the trial court has issued an
amended certification stating that this “is not a plea-bargain case, and the defendant has
the right of appeal.” See Tex. R. App. P. 25.2(a)(2). 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          Without a plea bargain agreement, appellant pled nolo contendere to the offense
of burglary of a habitation.


 On February 2, 2001, the trial court deferred adjudication and
placed appellant on deferred adjudication community supervision for eight years. On May
29, 2001, the State filed a motion to adjudicate guilt. Appellant’s probation was modified
to participate in a substance abuse treatment program. The State filed a subsequent
motion to adjudicate on April 22, 2002, and appellant pled “true” to failing to complete the
substance abuse program satisfactorily. The trial court adjudicated appellant guilty,
revoked his community supervision, and sentenced him to eight years confinement in the
Institutional Division of the Texas Department of Criminal Justice. 
          In his first three issues, appellant contends allegations in the States’s motion to
adjudicate and conditions in his Order of Modification are so vague as to violate due
process of law. 
          Article 42.12 , section 5(b) of the code of criminal procedure provides that no appeal
may be taken from a trial court’s determination to proceed with adjudication of guilt. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); see also Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826 S.W.2d 940, 942
(Tex. Crim. App. 1992). We have no power to review any challenge to the sufficiency of
the notice contained in the terms and conditions of the community supervision imposed by
the trial court, adequacy of the State's motion to revoke, or sufficiency of the evidence to
support the trial court's adjudication decision. See Connolly, 983 S.W.2d at 741. 
Accordingly, appellant is statutorily barred from challenging the trial court’s determination
to proceed with adjudication of his guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2004). Thus, we cannot consider appellant’s first three issues. 
          In his fourth issue, however, appellant contends he was denied an adequate
punishment hearing following adjudication. While no appeal may be taken from a trial
court’s determination to adjudicate guilt, see id., a defendant may challenge the
assessment of punishment and imposition of sentence. See id.; see also Olowosuko, 826
S.W.2d at 942. A defendant appealing from deferred adjudication may raise an issue
unrelated to the conviction, such as a complaint concerning the punishment imposed;
however, an objection is required to preserve error. Vidaurri v. State, 49 S.W.3d 880, 886
(Tex. Crim. App. 2001). An appellant may preserve the trial court’s failure to provide an
opportunity to present evidence regarding punishment by raising the issue in a motion for
new trial. See id.
          Here, the record reflects that after appellant pled “true” to one of the allegations in
the State’s motion to proceed with adjudication of guilt, the trial court adjudicated
appellant’s guilt and immediately pronounced sentence, without giving him the opportunity
to present evidence relevant to punishment. However, because appellant neither objected
to the trial court's failure to allow him to present punishment evidence nor filed a motion for
new trial complaining of his inability to do so, he has waived any error. Id. We overrule
appellant’s fourth issue. 
          We AFFIRM the judgment of the trial court.
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice





Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
27th day of August, 2004.