Affirmed and Memorandum Opinion filed October 14, 2004









Affirmed and Memorandum Opinion filed October 14,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00481-CR

____________

 

JERRY WAYNE
HUDSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th District
Court

Harris County,
Texas

Trial Court Cause No. 946,564

 



 

M E M O R A N D U M   O P I N I O N








Appellant entered a plea of guilty to the offense of felony
assault on a family member.  On April 25,
2003, pursuant to a plea bargain agreement with the State, the trial court
placed appellant on deferred adjudication probation for five years and assessed
a $500 fine.  The State subsequently
filed a motion to adjudicate appellant=s guilt alleging appellant had
violated the terms of his probation by committing another assault against the
same complainant.  The trial court
conducted a hearing on the motion to adjudicate contemporaneously with
appellant=s jury trial on the new assault case.[1]  At the conclusion of the presentation of
evidence, the trial court found the allegations in the motion to adjudicate
true, and after a punishment hearing on April 28, 2004, sentenced appellant to
confinement for eight years in the Institutional Division of the Texas
Department of Criminal Justice. 
Appellant filed a pro se notice of appeal.

Appellant=s appointed counsel filed a brief in which she concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was also provided a
copy of the appellate record and advised of the right to file a pro se
response.  See Stafford v. State,
813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
Appellant filed his responsive brief on September 29, 2004.

In appellant=s responsive brief, he contends that he is not guilty of the
offense to which he pleaded guilty.  He
asserts that he was under stress and entered the plea so that he could receive
a probated sentence and be released from jail. 
The contentions in appellant=s brief are not supported by the
appellate record.  Moreover, a defendant
who is placed on deferred adjudication probation may raise issues relating to
the original plea proceeding only in an appeal taken when deferred adjudication
probation is first imposed and not in an appeal from an order revoking
probation and adjudicating guilt.  Manuel
v. State, 994 S.W.2d 658, 661‑62 (Tex. Crim. App. 1999). 








An appellant whose deferred adjudication probation has been revoked
and who has been adjudicated guilty of the original charge may not raise on
appeal contentions of error in the adjudication of guilt process.  Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999).  The trial court=s decision to proceed to adjudication
of guilty is also not appealable.  Olowosuko
v. State, 826 S.W.3d 940 (Tex. Crim. App. 1992) (en banc).  A defendant may challenge issues unrelated to
his conviction, however, in an appeal from an adjudication of guilt.  Vidaurri v. State, 49 S.W.3d 880, 885
(Tex. Crim. App. 2001).  

To the extent appellant=s pro se response attempts to
challenge his sentence after his deferred adjudication probation was revoked,
we must conclude that appellant=s contention is without merit.  When a prosecutor recommends deferred
adjudication in exchange for a defendant=s plea of guilty, the trial court
does not exceed that recommendation if, on proceeding to an adjudication of
guilt, the court later assesses any punishment within the range allowed by
law.  Id.  Appellant was convicted of a second offense
of assault on a family member causing bodily injury, a third degree felony with
a punishment range of imprisonment between two and ten years.  Tex.
Pen. Code Ann. '' 12.34, 22.01(b)(2) (Vernon 2003 and Vernon Supp.
2004-05).  Appellant=s eight-year sentence is within the
range allowed by law.  

We have carefully reviewed the record, counsel=s brief, and appellant=s pro se response and agree the
appeal is wholly frivolous and without merit. 
Further, we find no reversible error in the record.  Further discussion of the brief or response
would add nothing to the jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed October 14, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore. 

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  Appellant was convicted
of assault on a family member in cause number 974,024, and he was sentenced to
eight years= confinement, with his sentence to be served
concurrently with the sentence in this case. 
He has separately appealed the new conviction, and that appeal remains
pending before this court under appellate case number 14-04-00483-CR.