Dismissed and Memorandum Opinion filed February 3, 2005









Dismissed and Memorandum Opinion filed February 3,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00948-CR

____________

 

JEREMY HENDERSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180nd District
Court

Harris County,
Texas

Trial Court Cause No. 980,825

 



 

M E M O R A N D U M   O P I N I O N

Appellant pled guilty to aggravated assault pursuant to a
plea bargain on June 3, 2004.  The trial
judge deferred adjudication of guilt and placed appellant on community
supervision for four years.  The State
filed a motion to adjudicate guilt. 
After a hearing, the trial court found appellant guilty and assessed
punishment at confinement for four years and a $500 fine.  Appellant filed a timely general notice of
appeal from the judgment adjudicating guilt.








On appeal, appellant challenges the sufficiency of the State=s evidence that he violated a term of
his deferred adjudication community supervision.  

Given the plain meaning of Article 42.12, section 5(b) of the
Code of Criminal Procedure, an appellant whose deferred adjudication probation
has been revoked and who has been adjudicated guilty of the original charge,
may not raise on appeal contentions of error in the adjudication of guilt
process.  Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Tex.
Code Crim. Proc. Ann. Art. 42.12 ' 5(b) (Vernon Supp. 2004).  Appellant may only raise issues that occur
after adjudication of guilt and assessment of punishment.  See Ditto v. State, 988 S.W.2d 236,
238 (Tex. Crim. App. 1999).  

Nor may we now consider any complaint concerning the original
plea because those had to be raised when deferred adjudication community
supervision was first imposed.  Manuel
v. State, 994 S.W.2d 658, 661‑62 (Tex. Crim. App. 1999). 

Accordingly, we dismiss the appeal for want of jurisdiction.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed February 3, 2005.

Panel consists of Justices
Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App.
P. 47.2(b).