Dismissed and Memorandum Opinion filed July 21, 2005









Dismissed and Memorandum Opinion filed July 21, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00901-CR

____________

 

NAKKIA PAWNEE
COX, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st District
Court

Harris County,
Texas

Trial Court Cause No.
874,213

 



 

M E M O R A N D U M   O
P I N I O N

Appellant entered a guilty plea to burglary of a habitation
on May 1, 2001.  The trial court deferred
a finding of guilt and placed appellant on community supervision for five
years.  The State subsequently moved to
adjudicate appellant=s guilt, alleging violation of the terms of appellant=s community supervision order.  On August 25, 2004, appellant entered a plea
of true to some of the alleged violations. 
After a hearing, the trial court adjudicated appellant=s guilt, and on August 25, 2004, the
court sentenced appellant to confinement for twenty years in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant filed a timely pro se notice
of appeal.  








Appellant=s appointed counsel filed a brief in which she concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record. 
At appellant=s request, this court ordered that a copy of the record be
provided to appellant, and we granted appellant an extension of time to file a pro
se response to counsel=s brief.  On June 27,
2005, appellant filed his response.

Appellant raises three issues in which he challenges whether
the appeal is frivolous and whether the trial court properly determined
appellant had violated conditions of his community supervision in adjudicating
appellant=s guilt.  As counsel noted in her Anders brief,
it is well settled that a defendant whose deferred adjudication probation has
been revoked and who has been adjudicated-guilty-of the original charge may not
raise on appeal contentions of error in the adjudication of guilt process.  Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2004-05); see
also Connolly v. State, 983 S.W.2d 738, 740‑41 (Tex. Crim.
App.1999);  Olowosuko v. State,
826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
    We agree with counsel that the
appeal is wholly frivolous and without merit because we lack jurisdiction over
the appeal.  The proper disposition of an
appeal in which the only issues raised involve the trial court=s decision to adjudicate is to
dismiss the appeal.  Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992). 

Accordingly, we dismiss the appeal.

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed July 21, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Frost. 

Do Not Publish C Tex. R. App. P. 47.2(b).