NO. 07-04-0319-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2005

_____

DONALD JAY PRUITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 7575; HONORABLE JOHN W. LAGRONE, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Donald Jay Pruitt, appeals from a judgment adjudicating him guilty of aggravated robbery and sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 55 years. We affirm.

On May 20, 1997, appellant pled guilty to the offense of aggravated robbery. Pursuant to a plea agreement, the trial court deferred further adjudication and placed appellant on ten years community supervision. In June of 1998, the State filed a motion

to proceed to adjudication alleging that appellant had committed multiple violations of the terms and conditions of his community supervision.

On June 23, 1999, the trial court appointed Adam Reed, a former Assistant District Attorney with the Hutchinson County District Attorney's Office, to represent appellant. The State informed Reed that, in exchange for appellant's plea of guilty, the State would recommend adjudication with a sentence of ten years confinement. Reed attempted to locate appellant, who had not contacted him to that time, but was unsuccessful. Because Reed could not locate appellant by the offer's deadline, he requested the State extend the deadline. The State told Reed to find appellant, get him the offer and that they would further discuss the matter at that time. Reed then sent a letter conveying the offer to appellant's last known address. In late September of 1999, Reed became aware that appellant was in the county jail. However, before Reed made any contact with appellant, the trial court informed Reed that appellant wished to have him removed and new counsel appointed. As a result of this information, Reed filed a motion to withdraw as counsel, which was granted by the trial court.

From the time of Reed's appointment as appellant's counsel, appellant refused to recognize Reed as his attorney. Appellant felt that Reed's prosecution of appellant's wife for an unrelated charge created a conflict of interest. As a result of this perceived conflict, appellant made no attempt to contact Reed and requested the trial court remove Reed as counsel and appoint new counsel. After the trial court granted Reed's motion to withdraw, it appointed Curtis Hinshaw to represent appellant.

When Hinshaw contacted the State, the first plea offer that the State made was for 20 years incarceration. Appellant rejected this offer and, ultimately, pled "not true" to the alleged violations. Following the adjudication hearing, the trial court found 13 of the 19 alleged violations true and adjudicated appellant guilty of aggravated robbery. After a separate sentencing hearing, the trial court sentenced appellant to 55 years incarceration in the Texas Department of Criminal Justice, Institutional Division.

By four issues, appellant appeals. By his first issue, appellant contends that he was denied effective assistance of counsel by Reed's failure to communicate the ten year plea offer to him. By his second issue, appellant contends that he was denied due process of law by Reed's appointment when Reed had previously represented the State in his prosecution. By his third issue, appellant contends that he is being denied equal protection and due process because his parole eligibility date is being calculated as though an affirmative finding of a deadly weapon had been made, even though no such finding was made. Finally, by his fourth issue, appellant contends that he was denied effective assistance of counsel by Hinshaw's failure to allege certain constitutional errors in appellant's motion for new trial.

Initially, we note that the Code of Criminal Procedure expressly denies a criminal defendant the right to appeal from a trial court's determination to adjudicate guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2003);[1] Connolly v. State, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Thus, to the extent appellant challenges the trial court's

_____

[1]Further reference to provisions of the Texas Code of Criminal Procedure will be by reference to "article __."

3

order adjudicating him guilty, we have no jurisdiction to address the issue. However, we may review all proceedings conducted after the adjudication of guilt on the original charge as if the adjudication had not been deferred. See article 42.12, § 5(b); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992). Therefore, appellant may appeal issues relating to sentencing and any post-adjudication motions.

Keeping in mind the aforementioned limitation on our jurisdiction, we will review appellant's first issue to the extent that Reed's alleged failure to convey the ten year plea offer may have had an effect on the trial court's sentencing of appellant. We evaluate the effectiveness of counsel by the standard enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988 S.W.2d 770, 770 (Tex.Crim.App. 1999). To establish reversible ineffectiveness of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. See Strickland, 466 U.S. at 687-88, 694. Our review of counsel's performance is highly deferential and we presume counsel provided reasonable professional assistance and that counsel's actions were the result of sound trial strategy. See Stafford v. State, 813 S.W.2d 503, 506 (Tex.Crim.App. 1991).

We note that, as a result of the State's motion to determine appellant's knowledge of what plea offers had been made, the record is sufficiently developed in the present case to allow our review of appellant's first issue on direct appeal. Appellant correctly contends that failure of defense counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness.

4

See Ex parte Lemke, 13 S.W.3d 791, 795 (Tex.Crim.App. 2000). However, while we acknowledge that Reed was unsuccessful in informing appellant of the ten year offer, we conclude that his efforts to convey this offer were within reasonable professional norms. The record reflects that, at or about the time that the State extended the ten year offer, Reed attempted to contact appellant by phone, but discovered that he did not have a good phone number for appellant. Reed also contacted appellant's bail bonds company to obtain appellant's correct contact information, but the representative of the company was either unwilling or unable to provide that information. Finally, Reed sent a letter to appellant's last known address informing appellant of the State's ten year offer. The letter sent by Reed to appellant was not returned to Reed nor did appellant contact Reed's office. We fail to see, and appellant has failed to show, how Reed's efforts to convey the ten year offer to appellant fell below an objective standard of professional reasonableness. This is especially true when Reed's efforts are coupled with appellant's refusal to recognize Reed as his counsel and appellant's lack of cooperation with Reed.

By his second issue, appellant contends that Reed's appointment as appellant's counsel created a conflict because Reed had previously represented the State in the case. However, Reed's appointment and withdrawal occurred prior to the trial court's decision to adjudicate. Thus, we lack jurisdiction to consider the issue. See article 42.12, § 5(b); Connolly, 983 S.W.2d at 741. However, to the extent that the issue had any bearing on post-adjudication matters, appellant failed to inform the trial court of this specific conflict

and, therefore, this issue was not preserved.[2]  See TEX. R. APP. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Crim.App. 1994).

Appellant's third issue contends that his parole eligibility is being calculated as though an affirmative finding of a deadly weapon had been made.  As appellant correctly indicates, the judgment adjudicating appellant guilty of aggravated robbery does not include an affirmative finding of a deadly weapon.  As the judgment is not in error, we may not reform the judgment as requested by appellant.  Further, there is no evidence in the record reflecting how appellant's parole eligibility is being calculated.  Appellant has failed to adequately cite the record in support of his issue.  See TEX. R. APP. P. 38.1(h); Lawton v. State, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995).  Failure to provide adequate citations to the record waives an issue.  See Smith v. State, 959 S.W.2d 1, 7 (Tex.App.–Waco 1997, pet. ref'd).

Appellant's fourth issue contends that Hinshaw's representation was ineffective because Hinshaw was aware of, but did not include, several constitutional errors in appellant's motion for new trial.  We refer to the standard of review for claims of ineffective assistance of counsel, discussed above in reference to appellant's first issue, but specifically highlight the presumption that counsel provided reasonable professional assistance and that counsel's actions were the result of sound trial strategy.  See Stafford, 813 S.W.2d at 506.  In the present case, the record contains a letter that Hinshaw sent

---

[2]During the time of Reed's representation of appellant, the only alleged conflict that appellant identified for the trial court was that Reed had previously prosecuted appellant's wife on an unrelated charge.

6

appellant advising appellant that his best opportunity to obtain relief would be by filing an application for writ of habeas corpus. In this letter, Hinshaw further advised appellant of his right to appeal, identified the rules and deadlines applicable to a criminal appeal, advised appellant of the process for obtaining appellate counsel, identified potential issues that appellant might want to raise in either an appeal or an application for writ of habeas corpus, and enclosed a copy of a motion for new trial which Hinshaw filed on appellant's behalf. Appellant does not explain how this advice so deviated from professional norms as to constitute ineffective assistance of counsel. Thus, we conclude that appellant has failed to overcome the presumption that Hinshaw provided appellant effective assistance of counsel in his post-adjudication motion for new trial.

For the foregoing reasons, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.