NUMBER 13-05-688-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MELISSA PENA , Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 105th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

 By a single issue, appellant, Melissa Pena, appeals the trial court's denial of her
plea in bar to the revocation of her deferred adjudication community supervision based on
her "due diligence" defense. We dismiss the appeal. 

Background


 Pursuant to a plea bargain agreement, on April 21, 1993, appellant pleaded guilty
to delivery of cocaine. (1) The trial court deferred adjudication and placed appellant on
deferred adjudication community supervision for ten years. 

 On April 16, 2001, the State filed a motion to revoke, alleging appellant violated the
terms of her community supervision by failing to report, pay certain fees, or participate in
certain programs. 

 On October 25, 2005, appellant filed a plea in bar to the State's motion to revoke,
contending that the State failed to exercise due diligence in apprehending her and hearing
the motion to revoke. Following a hearing on October 27, 2005, the trial court overruled
appellant's plea in bar. 

 After the hearing on appellant's plea in bar, the trial court held a separate hearing
on the State's motion to revoke. (2) Appellant pleaded "true" to the allegations in the State's
motion. The trial court adjudicated her guilty, revoked her community supervision, and
sentenced her to eight years' imprisonment. 

 In her sole issue, appellant contends the trial court erred in denying her plea in bar
to the adjudication proceeding. The State contends this Court lacks jurisdiction over this
appeal because the statutory limitation imposed by article 42.12, section 5(b) of the code
of criminal procedure bars our consideration of appellant's claim that due diligence was not
shown by the State. (3) We agree with the State.

Analysis


 Article 42.12, section 5(b) of the code of criminal procedure provides that no appeal
may be taken from a trial court's determination to proceed with adjudication of guilt. (4)

Appellant's argument was rejected by the court of criminal appeals in Connolly v. State,
983 S.W2d 738, 741 (Tex. Crim. App. 1999). In Connolly, the court of criminal appeals
held that a trial court's decision on a claim of due diligence is part of its decision to revoke
and proceed to judgment; therefore, no appeal may be taken from the trial court's
decision. (5) More recently, the court of criminal appeals clarified that the statutory prohibition
in section 5(b) bars all complaints related to the decision to proceed to an adjudication of
guilt, including those challenging the trial court's jurisdiction. (6) 

 We hold article 42.12, section 5(b) prohibits appellant from raising a claim of error
in the adjudication of guilt process. (7) The court of criminal appeals has held that, in cases
such as this, points of error dealing with due diligence must be dismissed by the court of
appeals without addressing or reaching their merits. (8) Accordingly, we conclude we have
no jurisdiction to hear appellant's appeal and dismiss the appeal. (9) 



 

 LINDA REYNA YAÑEZ,

 Justice







Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 10th day of August, 2006.

1. See Acts 1989, 71st Leg., ch. 678, § 1 (current version at Tex. Health & Safety Code Ann. §
481.112 (a)(d) (Vernon 2003). Appellant's offense was committed on or about April 15, 1992, prior to the 1993
amendments to the statute. 
2. The record contains an "excerpt" of the portion of the October 27, 2005 hearing concerning
appellant's plea in bar. 
3. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005).
4. Id., see Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826
S.W.2d 940, 942 (Tex. Crim. App. 1992). 
5. Connolly, 983 S.W.2d at 741.
6. Davis v. State, No. PD-0078-05, 2006 Tex. Crim. App. LEXIS 1283 *13 (Tex. Crim. App. June 28,
2006) (designated for publication).
7. See Connolly, 983 S.W.2d at 741.
8. See id.
9. See id.