**Antwan THOMAS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–03–00194–CR.**

Court of Appeals of Texas,
Eastland.

Sept. 4, 2003.

David S. Barron, Bryan, for appellant.

Tuck McLain, Dist. Atty., Anderson, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Order

W.G. ARNOT, III, Chief Justice.

This criminal case was originally filed in the Fourteenth Court of Appeals. In reviewing the clerk's record filed in this cause, the Fourteenth Court of Appeals determined that the record did not include the "Trial Court's Certification of Defendant's Right of Appeal" (hereinafter certification) as required by TEX.R.APP.P. 25.2(d) & 34.5(a)(12).[1] The Fourteenth Court of Appeals entered an order on June

---

1. The appendix to the Texas Rules of Appellate Procedure contains a form "Trial Court's Certification of Defendant's Right of Appeal" for the trial court's use. See Comment to TEX.R.APP.P. 25.2.

19, 2003, which directed the trial court to immediately complete the certification. The Fourteenth Court of Appeals further ordered the trial court clerk to prepare, certify, and file a supplemental clerk's record containing the certification within 30 days of the date of the court's order.

This case was subsequently transferred to the Eleventh Court of Appeals pursuant to a transfer order issued by the Texas Supreme Court under the authority of TEX. GOV'T. CODE ANN. § 73.001 et seq. (Vernon 1998). A supplemental clerk's record containing the certification has not been filed in this court. Furthermore, the clerk of the trial court has informed this court that the certification is not on file in the trial court clerk's office.

The circumstances of this appeal present this court with a dilemma with respect to the appropriate action to be taken at this point in the proceedings. Rule 25.2(d) states: "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." A literal application of this rule would result in the dismissal of this appeal because a certification has not been filed in this cause. A dismissal at this time would not appear to be appropriate for two reasons.

First, TEX.R.APP.P. 25.2(a)(2) mandates that the trial court "*shall* enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." (Emphasis added) The record before us indicates that the trial court has not complied with this mandate. A dismissal of appellant's appeal would be troubling because the dismissal would be the result of the trial court's failure to comply with a mandatory, ministerial function.

Second, the clerk's record indicates that this appeal does not arise from a plea bargain. To the contrary, a jury convicted appellant of aggravated robbery upon his plea of not guilty. As best evidenced by the form "Trial Court's Certification of Defendant's Right of Appeal" contained in the appendix to the Texas Rules of Appellate Procedure, a *defendant's right of appeal in a case not involving a plea bargain is unquestioned* absent a waiver of that right. *See* Rule 25.2(a)(2).

To the extent that Rule 25.2(d) may require a dismissal of this action, we suspend its operation at this time under TEX. R.APP.P. 2. The suspension of Rule 25.2(d) is for good cause based on the trial court's failure to comply with the mandate to enter a certification of appellant's right of appeal and the apparent right of appellant to appeal his conviction as reflected by the clerk's record. The trial court is directed to immediately complete the Trial Court's Certification of Defendant's Right of Appeal if it has not already done so. The trial court clerk is ordered to prepare, certify, and file in this court within 30 days of the date of this order a supplemental clerk's record containing the Trial Court's Certification of Defendant's Right of Appeal. The failure of the trial court or the trial court clerk to comply with the requirements of this order will be subject to further review for the entry of appropriate sanctions to obtain compliance with this court's order.