NO. 07-06-0466-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 9, 2007


 ______________________________



NATASHA MARIE HELLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 17,957-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER


 Appellant Natasha Marie Heller appeals her conviction for the offense of aggravated
assault. The clerk's record was filed January 16, 2007. Because it did not contain a
certification of appellant's right to appeal as required by Rule of Appellate Procedure
25.2(d) the clerk of this court notified the parties and the trial court of the omission the
same day, requesting that a certification be filed within 30 days and included in a
supplemental record. See Tex. R. App. P. 37.1. No response has been received. 
Examination of the clerk's record reveals no bar to appellant's statutory right of appeal. 
The case was tried to a jury on appellant's plea of not guilty. Rule 25.2(a)(2) imposes a
mandatory duty on the trial court to enter a certification of the defendant's right to appeal
in every case in which it enters a judgment of guilt or other appealable order. The trial
court is directed to comply with that requirement and enter a certification of appellant's right
to appeal, which shall be included in a supplemental clerk's record to be filed in this court
no later than Wednesday, March 21, 2007. Tex. R. App. P. 34.5(c)(2), 37.1; see Thomas
v. State, 129 S.W.3d 158 (Tex.App.-Eastland 2003) (similar order to trial court). 


 Per Curiam



Do not publish. 



 him the offer and that they would
further discuss the matter at that time. Reed then sent a letter conveying the offer to
appellant's last known address. In late September of 1999, Reed became aware that
appellant was in the county jail. However, before Reed made any contact with appellant,
the trial court informed Reed that appellant wished to have him removed and new counsel
appointed. As a result of this information, Reed filed a motion to withdraw as counsel,
which was granted by the trial court. 

 From the time of Reed's appointment as appellant's counsel, appellant refused to
recognize Reed as his attorney. Appellant felt that Reed's prosecution of appellant's wife
for an unrelated charge created a conflict of interest. As a result of this perceived conflict,
appellant made no attempt to contact Reed and requested the trial court remove Reed as
counsel and appoint new counsel. After the trial court granted Reed's motion to withdraw,
it appointed Curtis Hinshaw to represent appellant.

 When Hinshaw contacted the State, the first plea offer that the State made was for
20 years incarceration. Appellant rejected this offer and, ultimately, pled "not true" to the
alleged violations. Following the adjudication hearing, the trial court found 13 of the 19
alleged violations true and adjudicated appellant guilty of aggravated robbery. After a
separate sentencing hearing, the trial court sentenced appellant to 55 years incarceration
in the Texas Department of Criminal Justice, Institutional Division.

 By four issues, appellant appeals. By his first issue, appellant contends that he was
denied effective assistance of counsel by Reed's failure to communicate the ten year plea
offer to him. By his second issue, appellant contends that he was denied due process of
law by Reed's appointment when Reed had previously represented the State in his
prosecution. By his third issue, appellant contends that he is being denied equal protection
and due process because his parole eligibility date is being calculated as though an
affirmative finding of a deadly weapon had been made, even though no such finding was
made. Finally, by his fourth issue, appellant contends that he was denied effective
assistance of counsel by Hinshaw's failure to allege certain constitutional errors in
appellant's motion for new trial.

 Initially, we note that the Code of Criminal Procedure expressly denies a criminal
defendant the right to appeal from a trial court's determination to adjudicate guilt. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2003); (1) Connolly v. State, 983 S.W.2d
738, 741 (Tex.Crim.App. 1999). Thus, to the extent appellant challenges the trial court's
order adjudicating him guilty, we have no jurisdiction to address the issue. However, we
may review all proceedings conducted after the adjudication of guilt on the original charge
as if the adjudication had not been deferred. See article 42.12, § 5(b); Olowosuko v. State,
826 S.W.2d 940, 942 (Tex.Crim.App. 1992). Therefore, appellant may appeal issues
relating to sentencing and any post-adjudication motions.

 Keeping in mind the aforementioned limitation on our jurisdiction, we will review
appellant's first issue to the extent that Reed's alleged failure to convey the ten year plea
offer may have had an effect on the trial court's sentencing of appellant. We evaluate the
effectiveness of counsel by the standard enunciated in Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988 S.W.2d
770, 770 (Tex.Crim.App. 1999). To establish reversible ineffectiveness of counsel,
appellant must show (1) counsel's performance fell below an objective standard of
reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the
result would have been different. See Strickland, 466 U.S. at 687-88, 694. Our review of
counsel's performance is highly deferential and we presume counsel provided reasonable
professional assistance and that counsel's actions were the result of sound trial strategy. 
See Stafford v. State, 813 S.W.2d 503, 506 (Tex.Crim.App. 1991).

 We note that, as a result of the State's motion to determine appellant's knowledge
of what plea offers had been made, the record is sufficiently developed in the present case
to allow our review of appellant's first issue on direct appeal. Appellant correctly contends
that failure of defense counsel to inform a criminal defendant of plea offers made by the
State is an omission that falls below an objective standard of professional reasonableness. 
See Ex parte Lemke, 13 S.W.3d 791, 795 (Tex.Crim.App. 2000). However, while we
acknowledge that Reed was unsuccessful in informing appellant of the ten year offer, we
conclude that his efforts to convey this offer were within reasonable professional norms. 
The record reflects that, at or about the time that the State extended the ten year offer,
Reed attempted to contact appellant by phone, but discovered that he did not have a good
phone number for appellant. Reed also contacted appellant's bail bonds company to
obtain appellant's correct contact information, but the representative of the company was
either unwilling or unable to provide that information. Finally, Reed sent a letter to
appellant's last known address informing appellant of the State's ten year offer. The letter
sent by Reed to appellant was not returned to Reed nor did appellant contact Reed's
office. We fail to see, and appellant has failed to show, how Reed's efforts to convey the
ten year offer to appellant fell below an objective standard of professional reasonableness. 
This is especially true when Reed's efforts are coupled with appellant's refusal to recognize
Reed as his counsel and appellant's lack of cooperation with Reed. 

 By his second issue, appellant contends that Reed's appointment as appellant's
counsel created a conflict because Reed had previously represented the State in the case. 
However, Reed's appointment and withdrawal occurred prior to the trial court's decision to
adjudicate. Thus, we lack jurisdiction to consider the issue. See article 42.12, § 5(b);
Connolly, 983 S.W.2d at 741. However, to the extent that the issue had any bearing on
post-adjudication matters, appellant failed to inform the trial court of this specific conflict
and, therefore, this issue was not preserved. (2) See Tex. R. App. P. 33.1(a); Butler v. State,
872 S.W.2d 227, 236 (Tex.Crim.App. 1994). 

 Appellant's third issue contends that his parole eligibility is being calculated as
though an affirmative finding of a deadly weapon had been made. As appellant correctly
indicates, the judgment adjudicating appellant guilty of aggravated robbery does not
include an affirmative finding of a deadly weapon. As the judgment is not in error, we may
not reform the judgment as requested by appellant. Further, there is no evidence in the
record reflecting how appellant's parole eligibility is being calculated. Appellant has failed
to adequately cite the record in support of his issue. See Tex. R. App. P. 38.1(h); Lawton
v. State, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995). Failure to provide adequate citations
to the record waives an issue. See Smith v. State, 959 S.W.2d 1, 7 (Tex.App.-Waco
1997, pet. ref'd).

 Appellant's fourth issue contends that Hinshaw's representation was ineffective
because Hinshaw was aware of, but did not include, several constitutional errors in
appellant's motion for new trial. We refer to the standard of review for claims of ineffective
assistance of counsel, discussed above in reference to appellant's first issue, but
specifically highlight the presumption that counsel provided reasonable professional
assistance and that counsel's actions were the result of sound trial strategy. See Stafford,
813 S.W.2d at 506. In the present case, the record contains a letter that Hinshaw sent
appellant advising appellant that his best opportunity to obtain relief would be by filing an
application for writ of habeas corpus. In this letter, Hinshaw further advised appellant of
his right to appeal, identified the rules and deadlines applicable to a criminal appeal,
advised appellant of the process for obtaining appellate counsel, identified potential issues
that appellant might want to raise in either an appeal or an application for writ of habeas
corpus, and enclosed a copy of a motion for new trial which Hinshaw filed on appellant's
behalf. Appellant does not explain how this advice so deviated from professional norms
as to constitute ineffective assistance of counsel. Thus, we conclude that appellant has
failed to overcome the presumption that Hinshaw provided appellant effective assistance
of counsel in his post-adjudication motion for new trial. 

 For the foregoing reasons, we affirm the judgment of the trial court.

 

 Mackey K. Hancock

 Justice





Do not publish. 




 
1. Further reference to provisions of the Texas Code of Criminal Procedure will be by
reference to "article __."
2. During the time of Reed's representation of appellant, the only alleged conflict that
appellant identified for the trial court was that Reed had previously prosecuted appellant's
wife on an unrelated charge.