COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-107-CR

 



 

 

BRENT BENNETT                                                         APPELLANT

 

V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      








Appellant
Brent Bennett attempts to appeal from the trial court=s
determination to proceed with an adjudication of his guilt.  Bennett received ten years=
deferred adjudication community supervision for the offense of indecency with a
child by contact.  Subsequently, during
the last year of Bennett=s community supervision, the
State filed a petition to proceed to an adjudication of Bennett=s guilt,
alleging that Bennett had violated terms of his community supervision by
failing to complete the sexual offender program by a specific date as directed
by the trial court and by failing to attend, on or about December 14,
2005,  treatment sessions with Michael
Strain and Associates, an organization that provides sex offender treatment and
counseling.  Bennett filed a motion to
quash the State=s petition, alleging that the
petition failed to adequately specify exactly how Bennett had violated his
community supervision.  The trial court
denied Bennett=s motion, proceeded to hear the
State=s
petition, and ultimately adjudicated Bennett guilty of the underlying
offense.  On appeal, Bennett attempts to
challenge the trial court=s denial of his motion to quash.


The
Texas Legislature has statutorily limited a defendant=s right
to appeal following a trial court=s
determination to adjudicate his guilt after he has been placed on deferred
adjudication community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
(Vernon Supp. 2006).  The Legislature has
authorized an appeal of only two types of orders related to deferred
adjudication:  (1) an order granting
deferred adjudication, and (2) an order imposing punishment pursuant to an
adjudication of guilt.  Davis v. State,
195 S.W.3d 708, 710 (Tex. Crim. App. 2006). 









Here,
the ruling that Bennett attempts to appeal is neither the initial order
granting him deferred adjudication nor the order imposing punishment pursuant
to an adjudication of guilt.  Instead, it
is a ruling related to the trial court=s
determination to proceed with an adjudication of guilt, which Bennett cannot
appeal.  See, e.g., id. (holding
that alleged error in failing to provide counsel at adjudication hearing cannot
be challenged by appeal); Hogans v. State, 176 S.W.3d 829, 836 (Tex.
Crim. App. 2005) (holding that alleged ineffective assistance of counsel at
adjudication hearing cannot be challenged by appeal where it had no direct or
distinct effect on the punishment phase); see also Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940,
942 (Tex. Crim. App. 1992) (all holding that complaints arising in or before
proceeding to adjudicate guilt could not be challenged by appeal).  Because Bennett=s appeal
is barred by article 42.12, section 5(b), we dismiss Bennett=s sole
point and affirm the trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL F: CAYCE, C.J.;
WALKER and McCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: April 12, 2007











[1]See Tex. R. App. P. 47.4.